John F. KAMINSKI, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

Docket No. 01–2141.

United States Court of Appeals, Second Circuit.

Argued: Nov. 25, 2002.

Decided: Aug. 6, 2003.

Robert A. Culp, New York, New York, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney, for Joseph A. Pavone, United States Attorney for the Northern District of New York, Syracuse, New York, for Appellee.

Before: WALKER, Chief Judge, and LEVAL and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge.

The question raised by this appeal is whether a federal habeas corpus petition made under 28 U.S.C. § 2255 may include a challenge to an order of restitution imposed as part of the sentence, where that order does not amount to custody. We conclude that it may not.

## I. Background

Petitioner–Appellant, John F. Kaminski, was sentenced to a term of imprisonment in the United States District Court for the Northern District of New York (Pooler, *J.*) and ordered to pay restitution after plead-

ing guilty to one count of arson. Restitution to Kaminski's insurance company was ordered in the amount of $21,180 on a schedule that required Kaminski to pay ten percent of his gross income while in prison and thereafter the greater of $100 per month or ten percent of his gross income. Kaminski did not take a direct appeal from his sentence or conviction.

Two years ago, while incarcerated, Kaminski filed a habeas corpus petition under 28 U.S.C. § 2255 challenging both his sentence of incarceration and the order of restitution. The district court (Scullin, *C.J.*) denied the petition in its entirety. With respect to Kaminski's claims relating to the restitution order, the court reasoned that since an attack on an order of restitution does not assert the right of the petitioner to be released from custody but, rather, only the right to be free of a monetary penalty, § 2255 does not, by its terms, provide a basis for the claim.

The district court noted, however, that "the Second Circuit has not definitively ruled on the issue of whether § 2255 is limited to claims of unlawful custody and therefore does not extend to the monetary penalties imposed by the judgment." In view of this, the court granted a certificate of appealability as to whether § 2255 may be used to challenge the restitution order, with respect to which Kaminski claimed that the trial court had failed to consider statutorily mandated factors and had wrongly considered certain legislative amendments enacted after Kaminski's guilty plea.[1]

---

1. Kaminski also argued below that his trial counsel was ineffective both in failing to object to the restitution order at trial and in failing to appeal the order. These claims, like his other objections to the restitution order, were rejected on the ground that § 2255 does not provide a basis for bringing claims relating to a restitution order. A panel of this court, thereafter, granted a motion to expand the certificate of appealability to permit review of whether the restitution related ineffectiveness claims could be raised under § 2255. The ineffectiveness claims were, however, rejected by the district court on other grounds

### II. Does the restitution order constitute custody?

■ We review de novo a district court's denial of a 28 U.S.C. § 2255 petition. *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). We begin by examining the relevant statutory text.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. It is not disputed that Kaminski was "in custody" by virtue of his imprisonment at the time his petition was filed. It is clear, therefore, that Kaminski's attacks on his sentence of incarceration were properly considered on their merits as part of his § 2255 petition. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir.1994).

But the question remains: How does the phrase "claiming the right to be released" affect the meaning of the text that follows it? If the phrase had omitted the words "the right to be released upon the ground," and had said simply "a prisoner ... claiming ... that the sentence was imposed in violation of the Constitution or laws of the United States," then § 2255 might comfortably be read to permit a federal prisoner to challenge any allegedly illegal aspect of his or her sentence. The words "claiming the right to be released" *are* in the statute, however. And, in order to give them meaning, it is argued that they must be read to exclude from federal habeas review at least those petitions that contain no claims relating to a prisoner's custody, no claims, that is, that cannot be construed as demands to be "released" from custody. On this reading, it would follow that a petitioner who challenges just the restitution portion of his sentence is asserting his

---

as well. As to the failure to object, the court found there was no prejudice under *Strickland v. Washington*, 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). And as to the failure to appeal, the court stated that Kaminski's unsworn statement-that he had asked his attorney to file an appeal-was incompetent evidence to rebut the affidavit of the trial attorney, who averred that Kaminski had agreed that an appeal should not be pursued.

As granted, the certificate of appealability does not permit review of these alternative bases for the district court's decision. And, ordinarily, unless a certificate encompasses all of the grounds for a court's ruling on an issue, an appeal that challenges only some of the district court's grounds will be moot. *See Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (dismissing appeal where a COA covered only the district court's ruling on the merits but did not cover the court's holding that the claims in the petition were procedurally defaulted). We may, however, read the notice of appeal in this case as a request for a certificate of appealability on the issues raised by the district court's alternative rulings. Fed. R.App. P. 22(b)(2); *Rhagi*, 309 F.3d at 106. Whether we expand the certificate in such circumstances typically depends on whether, with respect to the issues involved in the alternative holding, the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.

In the case before us, however, we need not consider whether Kaminski has made the requisite showing. For, even if he could show that his counsel was constitutionally defective in handling the restitution order, we believe that the district court was without subject matter jurisdiction to grant the petition on that basis. This conclusion follows from our holding, *see infra*, that § 2255 does not provide a jurisdictional basis for a challenge to a non-custodial order of restitution.

right to be released from custody only if the restitution order itself amounts to a form of custody.

Several circuits have held that neither a fine nor an order of restitution amounts to custody. *See, e.g., Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997); *United States v. Michaud,* 901 F.2d 5, 7 (1st Cir.1990) ("A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes."). We have noted holdings like these. *See Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996) (citing cases, from other circuits, in which "modest fines" did not suffice to find custody). But we have, to date, not adopted a rule declaring fines and restitution orders to be, *ipso facto,* noncustodial. That is, we have not as yet foreclosed the possibility that a restitution order might entail a sufficiently severe restraint on liberty, not shared by the public at large, as to amount to a form of custody. *Cf., e.g., Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Poodry,* 85 F.3d at 894 ("[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty.").

■ Whether a fine or restitution order could ever be such a restraint on the liberty of a petitioner as to amount to custody is a question we need not reach today, however. The order in the instant case, limited as it is to payment on a monthly basis· of the greater of ten percent of Kaminski's monthly income or $100, plainly does not come close to doing so. That being so, we conclude that the restitution order before us does not bring about custody, and, therefore hold that an attack on

that order would not, without more, seek release from custody.

### III. Are challenges solely to·noncustodial punishments cognizable in § 2255 habeas?

■ That said, we agree with the other circuits that have held that § 2255 may not be used to bring collateral challenges addressed solely to noncustodial punishments like the one at issue here. *See Blaik v. United States,* 161 F.3d 1341, 1343 (11th Cir.1998) ("[Section] 2255 cannot be utilized by a federal prisoner who challenges *only* the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[ ] the right to be released' from custody." (emphasis added) (second alteration in original)); *see also United States v. Kramer,* 195 F.3d 1129, 1130 (9th Cir.1999) (same). We agree with these circuits because the language of § 2255 is best read as requiring a challenge to custody. But more fundamentally, we agree with them also because collateral challenges have historically been permitted through habeas only when an interest as compelling as freedom from custody is at stake.

### IV. Are challenges to noncustodial punishments cognizable in a § 2255 petition when joined with challenges to custody?

The above cited cases do not, however, suffice to decide the appeal before us. Kaminski's petition not only attacks the restitution order, it also contains claims that his sentence of *incarceration* was, in part, illegal. We must, therefore, decide whether, pursuant to § 2255, a claim that does not seek the release of the petitioner from custody may, nonetheless, be raised in a petition that also includes at least one claim challenging custody.

The statute's text does not unambiguously answer the question. Kaminski pro-

poses a reading of § 2255 under which a prisoner who files a § 2255 petition seeking release may also ask that other, noncustodial aspects of his sentence be "vacate[d], set aside or correct[ed]," 28 U.S.C. § 2255. The government, instead, urges an interpretation of § 2255 that would limit § 2255 attacks to the custodial aspects of sentences that impose both custodial and noncustodial punishments. Kaminski's reading may not be the most natural construction of the provision, but, looking solely at the text of § 2255, it is a plausible one. We must, therefore, examine the statute contextually to see which meaning is more consistent with its purpose. *See United States v. Orlandez–Gamboa,* 320 F.3d 328, 330–31 (2d Cir.2003).

Nearly every circuit to consider the issue has concluded that an order of restitution may not be attacked in a § 2255 petition, even if the petition also alleges error in the sentence of imprisonment. *See United States v. Hatten,* 167 F.3d 884, 887 (5th Cir.1999); *Barnickel,* 113 F.3d at 706; *Smullen v. United States,* 94 F.3d 20, 25–26 (1st Cir.1996).[2] There is in these opinions the suggestion that permitting attacks on restitution orders so long as such attacks are included in petitions that also challenge a custodial sentence would encourage petitioners to bring frivolous claims against sentences of incarceration when, in fact, the only colorable claims available are against restitution orders.

Along these lines, the Ninth Circuit has recently expanded its holding in *Kramer,* and now bars claims relating to an order of restitution even when those claims are accompanied in the petition by challenges to the petitioner's incarceration. The court stated, "To determine whether a given claim is cognizable under § 2255, we focus on the relief sought in the claim itself, not on relief sought in other claims mentioned elsewhere in the motion. Non-cognizable claims do not morph into cognizable ones by osmosis." *United States v. Thiele,* 314 F.3d 399, 402 (9th Cir.2002) (citations omitted). And in *Smullen,* the First Circuit noted that a petitioner who was allegedly erroneously required to give restitution but also happened, at the time of the petition, to be rightfully imprisoned should not be able to challenge the monetary obligation collaterally. *See Smullen,* 94 F.3d at 26.

If the avoidance of frivolous claims were the sole rationale for these holdings, however, it might seem that those petitioners who had *serious* collateral claims against custodial sentences should at the same time be permitted to attack the noncustodial punishments to which they had been sentenced. A "pendent" jurisdiction to challenge such noncustodial punishments might then seem appropriate. But, in fact, this approach runs against more fundamental rationales for the prevailing rule barring § 2255 challenges to fines and restitution orders.

As the Fifth Circuit stated in *United States v. Segler*: "A convicted defendant who receives an allegedly erroneous fine ... cannot seek post-conviction relief under § 2255, and neither should a petitioner who is both fined and imprisoned have an opportunity to assert an identical fine-related claim under § 2255. Our reading of the plain language of § 2255

---

2. The Sixth Circuit's treatment of the issue is inconclusive. *Compare United States v. Watroba,* 56 F.3d 28, 29 (6th Cir.1995) (holding that the "plain language" of § 2255 does not permit a petition that challenges only a monetary fine), *with Weinberger v. United States,* 268 F.3d 346, 351 n. 1 (6th Cir.2001) (holding, without analysis, that *Watroba* does not apply to challenges, based on the ineffectiveness of trial counsel, to restitution orders). Neither case discusses mixed challenges.

suggests no reason why Congress would have intended to treat these two identical ... claims differently." 37 F.3d 1131, 1137 (5th Cir.1994) (citation omitted); *see also Smullen,* 94 F.3d at 26 (citing the same "congruen[ce]" rationale for disallowing challenges to restitution orders in § 2255 petitions).

 Habeas lies to allow attacks on wrongful custodies. There is therefore no reason why the presence of a plausible claim against a custodial punishment should make a noncustodial punishment more amenable to collateral review than it otherwise might be. This is the significance of the congruence argument made by the Fifth Circuit in *Segler* and the First Circuit in *Smullen.* Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties. And, the mere fact that the sentencing court chose to impose incarceration on a defendant in addition to restitution does not, as to the restitution order, distinguish that defendant from someone who, having been convicted, received a punishment that did not include any custodial element.[3] This is the position that most of the circuit courts that have considered the matter have taken, and it is the position to which we adhere today.

### V. May a petitioner who is in custody potentially challenge the non-custodial aspects of his sentence through extraordinary writs like coram nobis?

The author of this opinion believes that the congruence argument, discussed in Section IV of this opinion, is made coherent by a brief consideration of whether, in some circumstances, collateral relief from non-custodial punishments may be available to prisoners through the use of extraordinary writs such as coram nobis. Because the discussion in this Section, V., is not strictly necessary to resolve the case before us, the other members of the panel do not join this discussion and express neither agreement nor disagreement with it.

To say that habeas challenges are restricted to those situations in which freedom from custody is at stake is not to foreclose other collateral attacks in some cases where lesser interests are involved. Indeed, the Seventh Circuit in *Barnickel v. United States* has said that it is precisely in such cases that the writ of coram nobis may be used. 113 F.3d 704, 706 (7th Cir. 1997) (noting that the court's decision that § 2255 does not permit challenges to restitution orders "does not leave a deserving petitioner entirely without recourse" because a writ of coram nobis could be used, *if the requirements of the writ were met,* to make such challenges (citing *United States v. Mischler,* 787 F.2d 240 (7th Cir.1986)

---

**3.** There is one situation in which the fact that a prisoner is incarcerated may result in a challenge to an order of restitution that might not lie absent incarceration. It does not, however, affect our decision or in any way undercut *Segler*'s congruence approach. Where a habeas challenge to incarceration results in the overturning of a conviction or of a whole sentence so that the defendant must later be resentenced in toto, the defendant on resentencing may, of course, also question the basis of any restitution that might then be assessed. *See United States v. Quintieri,* 306 F.3d 1217 (2d Cir.2002) (vacating, on direct appeal, only the fine reimposed when the defendant was resentenced after he successfully challenged, on § 2255 habeas, the calculation of his sentence of incarceration). And this remains so even though, absent a successful challenge to the custodial sentence, no attack on the defendant's restitution obligation would have been cognizable. But this can only occur in a situation in which-because the conviction or sentence has been quashed-no valid governmental interests in finality remain. When that is so, the interest in making sure that even a noncustodial penalty is rightfully imposed necessarily wins out.

(permitting an attack on a restitution order through a petition for a writ of coram nobis))). But coram nobis is an extraordinary remedy which operates under rules that are generally more stringent than those applicable to habeas. Thus, we have pointed out that coram nobis can relieve an individual of the continuing noncustodial effects of a criminal conviction only when *fundamental* errors were made in obtaining that conviction. *See Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir.1998) (per curiam) (stating the need for the errors to be fundamental); *Foont v. United States*, 93 F.3d 76, 78 (2d Cir.1996) (same). And this means that-in our tradition-collateral relief is less readily obtained from noncustodial punishments than from custodial ones, which, whether one agrees or not, is perfectly sensible.

The possible existence of coram nobis rounds out the *Segler/Smullen* congruence argument and makes it fully coherent. *Segler* and *Smullen* hold that the existence of a habeas challenge to the custodial elements of a sentence does not empower the petitioner in custody to challenge, through habeas, the non-custodial elements of that same sentence. And it relies for this holding, in part, on the notion that a petitioner who is in custody should not be favored in his challenge to non-custodial punishment over a petitioner who is not in custody. The potential availability of coram nobis means that the petitioner in custody is also not *dis*favored. This is so because the fact of his custody no more precludes his challenge to the non-custodial elements of his sentence through coram nobis (when that writ would otherwise be available) than does the fact of his custody permit him to challenge those non-custodial elements through habeas.[4]

4. In this respect, I note that the Fifth Circuit in *Hatten*, while denying § 2255 habeas jurisdiction in mixed custodial and noncustodial cases, also stated that coram nobis-as a means of attacking the noncustodial aspects of a sentence-was not available to an incarcerated petitioner, *by virtue* of his then being in custody. 167 F.3d at 887 n. 6. To decide the case before us, we do not need to determine if or when coram nobis is available. Nevertheless, it is worth pointing out that the Fifth Circuit's seeming *ipso facto* limitation (on coram nobis attacks on *noncustodial* punishments when these are brought by petitioners who are also in custody) undercuts the *Segler* and *Smullen* congruence rationale for barring § 2255 jurisdiction in such cases. If a coram nobis remedy-that might, at least in extraordinary cases of injustice, be available to a nonincarcerated petitioner who sought to challenge a fine or restitution order-was rendered *un*available by the very fact that a petitioner was incarcerated, it would no longer be the case that permitting § 2255 habeas to such a prisoner would *unfairly* favor him over petitioners who were not in custody.

But there is no reason to assume that *Hatten*'s suggested limitation applies to coram nobis. True, the writ has been described as available to petitioners "no longer in custody." *See, e.g., Fleming*, 146 F.3d at 89–90. But "no longer in custody" need not mean that the mere *status* of being "in custody" bars an individual from seeking a writ of coram nobis. It could just as readily mean that coram nobis cannot be used to challenge *custody*. *Cf. United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (upholding the use of the writ of coram nobis in federal court to challenge past federal convictions in a case in which the petitioner was, at the time of his petition, incarcerated in a state prison).

Indeed, allowing courts to entertain coram nobis challenges to noncustodial punishments-in those rare cases in which these amount to fundamental injustices and hence in which the writ applies-even though the petitioner is also in custody, is simply the converse of *not* allowing a court to exercise § 2255 jurisdiction to review collaterally noncustodial punishments of petitioners, like Kaminski, who are in custody. Without, therefore, in any way suggesting that Kaminski's claims meet the stringent requirements of the writ of coram nobis, I see nothing in the definition of that writ that makes the *Segler/Smullen* congruence argument any less compelling.

There is thus an elegant symmetry in the availability of challenges to punishments. Challenges on direct appeal to either custodial or non-custodial punishments are subject to relatively few limitations. Collateral challenges are more restricted. When these collateral attacks go to something as inherently fundamental as restraints on freedom sufficient to amount to "custody," the great writ, habeas, presumptively lies. When instead custody is not at stake, challenges can only be made through the use of extraordinary writs like coram nobis, which lie only if the challenged error is fundamental. The fact that a petitioner seeks to challenge both custodial and non-custodial punishments at the same time neither expands nor contracts the scope of either habeas or the extraordinary writs. That, I believe, is the underlying meaning of our holding today.

### VI. Conclusion

"In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio*, 37 F.3d at 860. Because Kaminski was not in custody in relation to the claims against his order of restitution, the court below lacked subject matter jurisdiction to review them. We therefore treat the district court's rejection of the claims in Kaminski's 28 U.S.C. § 2255 petition attacking the restitution order as a dismissal of those claims for lack of subject matter jurisdiction, and, so construed, we AFFIRM that dismissal.