Herman MCEWAN, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 03 Civ. 2668(SHS).

United States District Court,
S.D. New York.

Sept. 3, 2003.

Herman W. McEwan, Ayer, MA, Pro se.

*OPINION AND ORDER*

STEIN, District Judge.

Petitioner Herman McEwan seeks to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, which was imposed in the Judgment of Conviction dated April 9, 2002, sentencing him principally to a term of 41 months of incarceration and ordering restitution in the amount of $6.984 million, payable jointly and severally with two other individuals, upon McEwan's plea of guilty to the crimes of wire fraud and conspiracy to commit wire fraud. McEwan asserts that his attorney's failure to (1) challenge the amount of restitution ordered at sentencing and (2) seek a downward departure, violated his constitutional right to effective assistance of counsel. Petitioner did not appeal from his sentence or conviction. Because a section 2255 petition may not be used to challenge a noncustodial punishment—such as this restitution order—and McEwan fails to demonstrate a colorable claim of ineffective assistance of counsel, the petition is dismissed in its entirety.

## I. Discussion

The U.S. Supreme Court recently held that claims of ineffective assistance of counsel may be brought in a collateral proceeding pursuant to section 2255, regardless of whether or not the petitioner could have raised the claim on direct appeal. *See Massaro v. United States,* —— U.S. ——, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003). Therefore, although McEwan did not appeal his sentence or conviction, he is able to bring an ineffective assistance of counsel claim in this collateral proceeding.

### A. Petitioner's Challenge to Restitution Should Be Dismissed for Lack of Subject Matter Jurisdiction

■ The U.S. Court of Appeals for the Second Circuit recently wrote that section 2255 "may not be used to bring collateral challenges addressed solely to noncustodial punishments." *Kaminski v. United States,* 339 F.3d 84, 87 (2d Cir.2003).[1] The Second Circuit reasoned that (1) the language of section 2255 that it is applicable to "a prisoner in custody ... claiming the right to be released"—is "best read as requiring a challenge to custody" and (2) "collateral challenges have historically been permitted through habeas only when an interest as compelling as freedom from custody is at stake." *Id.*

■ Here, McEwan alleges ineffective assistance of counsel because his counsel failed to challenge the restitution amount at the time of sentencing and failed to appeal his sentence based on the restitution amount. Petitioner also alleges that he "was induced into accepting the allegations of the government in the restitution amount" due to counsel's assurance that his medical concerns would be treated at a federal medical center, but his medical concerns have allegedly not been addressed. McEwan Amended Motion at 9–10. Even if petitioner could show that "his counsel was constitutionally defective in handling the restitution order," this district court lacks "subject matter jurisdiction to grant the petition on that basis" because, as set forth above, section 2255 "does not provide a jurisdictional basis for a challenge to a non-custodial order of restitution." *Kaminski,* 339 F.3d at 85 n. 1. Accordingly, petitioner's challenge to the restitution order should be dismissed for lack of subject matter jurisdiction.

### B. Petitioner Fails to State a Colorable Claim of Ineffective Assistance of Counsel for Failure to Request a Downward Departure

■ Petitioner also claims that his counsel was ineffective for failing to seek a downward departure pursuant to § 5K2.0 of the U.S. Sentencing Guidelines due to petitioner's medical condition—specifically, shoulder, prostrate, back and heart problems—and because counsel should have known that the Bureau of Prisons would not properly treat his medical condition. After reviewing the record, including the plea and sentencing transcripts, this Court finds that McEwan has failed to demonstrate a colorable claim of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, McEwan must show "(1) 'that counsel's representation fell below an objective standard of reasonableness'; and (2) 'that there is a

---

1. In *Kaminski,* the district court ordered restitution payments of 10% of Kaminski's gross monthly income or $100 per month, whichever was greater. *Id.* at 85. This Court limited McEwan's restitution payments to 15% of his gross monthly income. *See* Judgment dated April 9, 2002 at 4. Accordingly, the noncustodial punishment at issue here is sufficiently similar to the restitution in *Kaminski* as to not be considered a "restraint on the liberty of a petitioner" that could amount to custody. *Kaminski,* 339 F.3d at 87.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Pham v. United States*, 317 F.3d 178, 182 (2d Cir.2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). However, in order to be entitled to relief, McEwan "must demonstrate a colorable claim of ineffective assistance." *Chang v. United States*, 250 F.3d 79, 84 (2d Cir.2001).

▮ At sentencing, McEwan's counsel informed this Court that petitioner had medical problems prior to and since his incarceration, including seizures and a heart ailment. *See* Sentencing Transcript, dated April 1, 2002 at 26. The attorney also indicated that he had made efforts with the Bureau of Prisons facilities where petitioner was housed pending sentencing to ensure that petitioner received proper medical attention, but that the facilities would not discuss petitioner's medical treatment with him. *Id.* In response, this Court ordered on the record and in the Judgment that "defendant receive all necessary medical treatment." Sentencing Transcript at 26; Judgment at 2. This Court was aware at sentencing of petitioner's medical concerns—as petitioner himself acknowledges, *see* McEwan Amended Motion at 8—and specifically ordered that the Bureau of Prisons provide appropriate medical treatment. Had counsel explicitly requested a downward departure on the grounds petitioner raises, this Court would have denied that request, since there was no showing then and no showing now that

the Bureau of Prisons is not fully equipped and capable of ministering to petitioner's medical needs. Petitioner's medical complaints did not rise to the level of an "extraordinary physical impairment" within the intendment of U.S.S.G. § 5H1.4. *See U.S. v. Persico*, 164 F.3d 796, 806 (2d Cir.1999) (citing *U.S. v. Altman*, 48 F.3d 96, 104 (2d Cir.1995)) (holding that "extraordinary physical impairment" requires medical conditions that Bureau of Prisons is unable to accommodate); U.S.S.G. § 5H1.4. *But see U.S. v. Jimenez*, 212 F.Supp.2d 214, 217–18 (S.D.N.Y.2002). Thus, the result of the sentencing would not have been any different. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Accordingly, petitioner fails to state a colorable claim of ineffective assistance of counsel for failure to seek a downward departure and the claim must be dismissed for failure to state a claim. *See Chang*, 250 F.3d at 84.[2]

McEwan has also moved to stay the proceedings pending his receipt of the trial transcript of his co-defendant Reginald Jennings. Because McEwan's petition is being denied, his motion is accordingly rendered moot.

## II. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is dismissed in its

---

**2.** Petitioner also complains that he has not received adequate medical treatment from the Bureau of Prisons. Pursuant to section 2255, a prisoner may challenge only the sentence imposed, not the manner in which it is being executed. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir.1998); *Ruiz v. U.S.*, 2000 WL 1029186, *1 (S.D.N.Y. July 24, 2000) (claims of inadequate medical treatment are not cognizable in a habeas proceed-

ing). *See also Preciado v. United States*, 2002 WL 31956007, *2 (E.D.N.Y. Dec.16, 2002) (citing *Corrao*). Petitioner is able to pursue his complaints regarding medical treatment through the Bureau of Prisons' administrative remedies and, if necessary, file a claim in district court after he has exhausted his administrative remedies. *See Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir.2003); *Preciado*, 2002 WL 31956007 at *2.

entirety, due to lack of subject matter jurisdiction and failure to state a claim;

2. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253, as amended by the AEDPA. *See generally, Tankleff v. Senkowski,* 135 F.3d 235, 241 (2d Cir.1998); *United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997);

3. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); and

4. Petitioner's motion to stay the proceedings pending his receipt of the transcript of Reginald Jenning's trial is denied as moot.