Clifford E. HOTTE, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 05–1752–PR.

United States Court of Appeals,
Second Circuit.

March 27, 2006.

John W. Mitchell, New York, New York,
for Petitioner–Appellant.

Emily Berger, Assistant United States
Attorney (Roslynn R. Mauskopf, United
States Attorney for the Eastern District of
New York, Susan Corkery, Assistant Unit-

ed States Attorney, on the brief), Brooklyn, New York, for Respondent–Appellee.

PRESENT: Hon. WALKER, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 27th day of March, two thousand and six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Petitioner-appellant Hotte appeals the district court's (Sterling Johnson, Jr., *Judge*) February 1, 2005, denial of his 28 U.S.C. § 2255 motion to vacate his sentence for securities fraud, mail fraud, and wire fraud. The district court denied relief, holding that, while *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was applicable to his case, petitioner's claim failed on the merits. We assume familiarity with the facts and procedural history of this case.

■■■ We agree with the district court that *Apprendi* is applicable to petitioner's case. As the court correctly noted, petitioner's case was not final until three days after the Supreme Court's decision in *Apprendi*. Therefore, the *Apprendi* rule applies to petitioner's case. *Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Nevertheless, petitioner's claim fails on the merits. Petitioner was sentenced to 108 months, below the statutory maximum for his offense at the time of petitioner's trial. *Apprendi* stands only for the proposition that a defendant's sentence cannot be increased beyond the statutory maximum by facts not found by a jury. To the extent that petitioner claims that the U.S. Sentencing Guidelines themselves are unconstitutional or that the enhancements used to calculate his sentence under the Guidelines were unconstitutionally imposed, those claims must be made under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we have held that *Booker* does not apply to cases on collateral review that became final before the *Booker* decision was handed down. *Guzman v. United States*, 404 F.3d 139, 141 (2d Cir.2005).

■■■ In his motion for reconsideration under Fed R. Civ. P. 60(b), petitioner argued for the first time that the restitution of more than $9.5 million that he was required to pay was illegally imposed under 18 U.S.C. § 3663A because it failed to identify specific victims he defrauded. However, this circuit has held that challenges to restitution orders are not cognizable on a § 2255 motion to vacate, even when joined with other cognizable claims. *Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir.2003). This court left open the possibility that a § 2255 motion may be appropriate where the petitioner alleges that the restitution order is so burdensome that it amounts to a restraint on the petitioner's liberty, *see id.* at 87. Even if we were to consider petitioner's argument that his restitution order amounts to a restraint on his liberty, an argument raised for the first time in his letter brief, petitioner failed to raise this argument on direct review. His challenge in the district court and before this court on direct review concerned only the amount of the restitution order. Because petitioner failed to preserve the issue on direct review, it is not a cognizable ground for § 2255 relief absent a showing of cause and prejudice. *See Fountain v. United States*, 357 F.3d 250, 254 (2d Cir.2004).

Petitioner offers no reason that his belated objections to the restitution order could not have been raised on direct review. He is therefore barred from asserting such a challenge now.

■ We furthermore decline to treat petitioner's § 2255 motion as a motion for a writ of coram nobis. If petitioner wishes to pursue such a remedy, he should file a proper motion with the district court in the first instance. *See Kaminski,* 339 F.3d at 89–91 (opinion of Calabresi, J.).

We have considered petitioner's remaining contentions and find them without merit.

For the reasons set forth above, the judgment of the District Court for the Eastern District of New York is hereby AFFIRMED.