**CLD-011**                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2731
_____

UNITED STATES OF AMERICA

v.

CORNELIUS ALEXANDER ALBERT,
a/k/a Connie

Cornelius Alexander Albert,
                                             Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 97-cr-00404-01)
District Judge:  Honorable Lowell A. Reed, Jr.

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

Opinion filed: October 25, 2010
_____

OPINION OF THE COURT
_____

PER CURIAM

        In 1998, Cornelius Alexander Albert was convicted of use of counterfeit access

devices and conspiracy to commit credit card fraud.  He was sentenced to serve a 162-

month term of imprisonment and three years of supervised release, and he was ordered to pay $3,091,250.70 in restitution. While he was in prison (until November 2009), he paid restitution through quarterly withdrawals from his institutional commissary account; during his current supervised release, he pays $200.00 per month directly to the United States District Court for the Eastern District of Pennsylvania.

Albert filed a petition for a writ of error *coram nobis* in which he challenged the restitution order. He argued that the District Court improperly calculated the amount of loss in his case for restitution purposes and erroneously held him responsible for losses that preceded the "temporal period in the offense of conviction."

The District Court denied the petition. The District Court held that Albert presented no basis for *coram nobis* relief because he was still in custody for purposes of 28 U.S.C. § 2255. Construing the petition as a § 2255 motion, the District Court held that it could not rule on it because it was an unauthorized second or successive motion. Assuming that the § 2255 motion was properly before it, the District Court concluded that the claim presented was not cognizable under § 2255. The District Court also rejected Albert's argument that he should be permitted to proceed by *coram nobis* because otherwise he would be without a remedy. The District Court explained that

Albert did not meet the requirements for a writ of *coram nobis*.

Albert appeals. Our review of legal issues on appeal from a decision denying *coram nobis* relief is *de novo*; factual findings we review for clear error. See, e.g., United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001). Upon review, we will affirm the District Court's decision because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

The power to grant a writ of *coram nobis* in criminal matters comes from the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989) (citing United States v. Morgan, 346 U.S. 502 (1954)). Traditionally, *coram nobis* is used in attacking convictions with continuing consequences when the petitioner is no longer in "custody" for purposes of § 2255. See United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). Usually, custody, which includes supervised release for the purposes of §2255, see United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993), precludes the possibility of *coram nobis* relief, see Baptiste, 223 F.3d at 189. Where there is custody there is ordinarily a remedy under § 2255. And common law writs survive only to fill the gaps in the current statutory scheme. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001). When an alternative remedy is

available, a writ of *coram nobis* may not issue.  See <u>United States v. Denedo</u>, 129 S. Ct. 2213, 2220 (2009).

In Albert's case, as we have explained to him previously, the challenge to the restitution order is not cognizable in § 2255 proceedings.  See <u>United States v. Albert</u>, C.A. No. 02-3886 (order entered on June 19, 2003) (citing <u>United States v. Thiele</u>, 314 F.3d 399, 401).  Other courts have considered whether a remedy under *coram nobis* is available in similar situations where a remedy under § 2255 is not.  See <u>Barnickel v. United States</u>, 113 F.3d 704, 706 (7th Cir. 1997) (noting that a petitioner in custody but without recourse under § 2255 could use the writ of *coram nobis* to challenge a restitution order); <u>Kaminski v. United States</u>, 339 F.3d 84, 89-91 (2d Cir. 2003) (Judge Calabresi concluding, in a portion of the opinion not joined by the other panel members, that the fact of custody does not preclude a challenge to the non-custodial elements of a sentence through *coram nobis* (when that writ is otherwise available)).  However, whether or not *coram nobis* can be used to challenge a restitution order such as Albert's, a writ of *coram nobis* is not available in Albert's case.

*Coram nobis* is an extraordinary remedy; a court's jurisdiction to grant the writ is bounded by a stringent standard set higher than the standard for relief on direct appeal or

on habeas.  See Stoneman, 870 F.2d at 106.  The writ is used "to correct errors for which there was no remedy available at trial and where 'sound reasons' exist for failing to seek relief earlier."  Id.  The errors must be fundamental errors of fact that go to the jurisdiction of the trial court and render the proceeding itself irregular and invalid.  Id.  In this case, Albert cannot show a sound reason for failing to seek relief earlier.  The facts underlying his claim were available to him; his legal claims are based on precedents that predated his sentencing.  He acknowledges in his petition that he objected to the restitution award at sentencing.  For these reasons, Albert's failure to seek relief on this issue on direct appeal precludes the possibility of *coram nobis* relief.  See United States v. Osser, 864 F.2d 1056, 1059-62 (3d Cir. 1988).

In short, the District Court properly concluded that the writ of *coram nobis* was not available to Albert.  We will affirm the District Court's decision to deny Albert's petition.