22-0378
Shen v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-three.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Ziming Shen,

*Petitioner-Appellant,*

v.                                                    22-378

United States of America,

*Respondent-Appellee.*\*

_____

FOR PETITIONER-APPELLANT:          MICHAEL K. BACHRACH, New York, N.Y.

FOR RESPONDENT-APPELLEE:          ERIK D. PAULSEN (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Ziming Shen appeals from the district court's denial of his petition for a writ of error coram nobis. Shen pled guilty under a plea agreement to one count of federal-program fraud in violation of 18 U.S.C. § 666(a)(1)(A) based on his embezzlement of over $3 million in federal funds from the Child and Adult Care Food Program ("CACFP"), a program administered by the United States Department of Agriculture ("USDA"). As relevant here, Shen was ordered to forfeit $3 million and pay $2,210,377.46 in restitution to the USDA. Shen subsequently filed a coram nobis petition under 28 U.S.C. § 1651(a), seeking to vacate the restitution and forfeiture orders. The district court denied Shen's petition, concluding that his plea agreement barred collateral attack, and, in any event, Shen's restitution and forfeiture arguments were without merit. Shen appeals from the denial, arguing (1) his plea agreement did not bar collateral attacks to restitution; (2) restitution to the USDA was illegal under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A; and (3) his counsel at sentencing provided ineffective assistance by failing to request a *Fatico* hearing on restitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Legal Standard

Even assuming Shen's plea agreement does not bar a collateral attack on restitution, the district court did not abuse its discretion by denying Shen's coram nobis petition.   The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."   28 U.S.C. § 1651(a).   "A district court may issue a writ of error coram nobis pursuant to the All Writs Act, where extraordinary circumstances are present."[1]   *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (cleaned up).   "We review *de novo* the issue of whether the district court applied the proper legal standard, but we review the district court's ultimate decision to deny the writ for abuse of discretion."   *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (cleaned up).   Shen does not challenge the district court's application of the coram nobis legal standard, but he argues that the district court abused its discretion by rejecting his contentions that (1) the USDA is not a "victim" under the MVRA because it was not "directly and proximately harmed by the offense of conviction," Appellant's Br. at 19 (cleaned up); and (2) his counsel at sentencing was

---

[1] We assume, without deciding, that a writ of coram nobis is available to challenge a noncustodial aspect of a sentence, such as restitution.   *Cf. Kaminski v. United States*, 339 F.3d 84, 89-90 (2d Cir. 2003) (Calabresi, *J.*).     "A petitioner seeking [coram nobis] relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist [] for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction." *Foont*, 93 F.3d at 79 (cleaned up).   We reject Shen's claims on the merits, so we do not address the remaining coram nobis factors.

constitutionally ineffective for failure to request a hearing on restitution under *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979).   We find both arguments unpersuasive.

**II.     Restitution**

The district court did not abuse its discretion by concluding that the USDA was a "victim" of Shen's offense.   Under the MVRA, a defendant shall pay restitution "for[] any offense . . . that is . . . an offense against property under this title . . . , including any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss."   18 U.S.C. § 3663A(c)(1).   A "victim" is "a person directly and proximately harmed as a result of the commission of an offense."   *Id.* § 3663A(a)(2).

Shen's conviction under 18 U.S.C. § 666(a)(1)(A) is an "offense against property" under the MVRA.   "When determining whether the MVRA offense-against-property provision applies to a conviction, courts may consider the facts and circumstances of the crime that was committed to determine if it is an 'offense against property' within the meaning of the MVRA."   *United States v. Razzouk*, 984 F.3d 181, 186 (2d Cir. 2020).   Although the MVRA does not define an "offense against property," Shen's offense falls squarely within this category.   Shen suggests he did "not necessarily [admit] to embezzlement."   Appellant's Br. at 20 n.5.   But at his plea hearing, he admitted that as "a Director and Trustee of Red Apple, . . . which received Federal Funding under the [CACFP] in excess of $10,000 per year, I, together with my wife, . . . unlawfully took more than $5,000" from a CACFP account.   App'x A.107 to A.108. Shen's offense deprived a victim of federal funds "to which it was entitled by law" and is thus an offense against property.   *United States v. Bengis*, 631 F.3d 33, 40 (2d Cir. 2011).

4

Moreover, the USDA is a "victim" under the MVRA because it was "directly and proximately harmed as a result" of Shen's offense. 18 U.S.C. § 3663A(a)(2). In *United States v. Ekanem*, we held that the term "victim" in § 3663A(c)(1) "includes the Government." 383 F.3d 40, 43 (2d Cir. 2004). We affirmed a restitution payment to the USDA for Ekanem's conviction under 18 U.S.C. §§ 641 and 666 based on a fraud involving a "sponsoring organization for private child care providers seeking reimbursement from the [USDA's CACFP program] for meals the providers served." *Id.* at 41. Shen engaged in a similar fraud that "directly and proximately harmed" the USDA. 18 U.S.C. § 3663A(a)(2). Shen embezzled funds from a CACFP "dedicated account" and channeled those funds for non-CACFP purposes, including Shen's various business ventures. App'x at A.216. Moreover, any leftover funds in the "dedicated accounts" "belong[ed] to the federal government, until such time as they are properly disbursed," but Shen and his wife failed to return such leftover CACFP funds. *Id.* Shen's misallocation and embezzlement of federal funds thus undermined the federal government's broad interest in the proper disbursement and allocation of federal monies. *Cf. Sabri v. United States*, 541 U.S. 600, 608 (2004) (noting in the 18 U.S.C. § 666(a)(2) context the federal government's interest in "protect[ing] spending objects from the menace of local administrators on the take" and "keep[ing] a watchful eye on expenditures and on the reliability of those who use public money"). As such, the district court did not abuse its discretion by concluding that the USDA was a "victim" under the MVRA and thus entitled to restitution.[2]

---

[2] We reject Shen's argument that his lawyers were ineffective for failing to state his MVRA objections plainly. Any such error was not prejudicial.

**III.    Ineffective Assistance of Counsel**

The district court correctly rejected Shen's ineffective-assistance-of-counsel claim. "In order to succeed on a claim that [Shen] has been denied constitutionally effective assistance of counsel, the defendant must show both (a) 'that counsel's representation fell below an objective standard of reasonableness' and (b) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. DiTomasso*, 932 F.3d 58, 69 (2d Cir. 2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). "[I]neffective assistance of counsel is one ground for granting a writ of *coram nobis*." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014). "We review *de novo* the issues of whether the defendant has met the two prongs of the *Strickland* test." *DiTomasso*, 932 F.3d at 70. Shen argues that his counsel Enrico DeMarco was constitutionally ineffective because he failed to request a *Fatico* hearing after Shen's April 10, 2013 and September 3, 2013 emails requesting such a hearing. We disagree.

A.    Performance Prong

Shen's counsel's failure to request a *Fatico* hearing was a strategic decision that did not fall below an objective standard of reasonableness. Unreasonable errors "include omissions [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness." *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (cleaned up); *see also Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions," and "[c]ounsel's actions are usually based . . . on informed strategic choices.").

6

Shen's sentencing submissions and behavior at sentencing evince DeMarco's strategic, reasonable decision to forego a *Fatico* hearing. *See United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir. 1987) (suggesting that foregoing a *Fatico* hearing may be a "matter of strategy"). Both of Shen's sentencing submissions postdate his April 10, 2013 email to DeMarco requesting a *Fatico* hearing, and these submissions challenge in detail the government's positions on the proper recipient and apportionment of restitution. The memoranda omit any mention of a *Fatico* hearing, but their detailed nature supports DeMarco's affirmation that "[i]n those written submissions I raised the objections that I believed after consulting and reviewing these written submissions with Shen were meritorious objections to the issues of loss, restitution, and forfeiture." Gov't App'x at GA72. Shen and DeMarco spoke "on several occasions" about restitution, and "[a]ny objections that Shen wanted raised as to restitution, loss and forfeiture . . . were raised by counsel in my written submissions." *Id.* at GA71-72. The sentencing submissions thus reflect DeMarco's considered decision to forego a *Fatico* hearing and instead raise any meritorious objections in writing.

Moreover, Shen's behavior during sentencing provides further evidence of the strategic nature of foregoing a *Fatico* hearing. Shen spoke at length at sentencing, but he never requested a *Fatico* hearing as to restitution. Shen's apparent change in attitude toward restitution reasonably confirms DeMarco's statement that Shen "chang[ed] his position more than one time on whether to proceed with the hearing." *Id.* at GA72. Indeed, this change may evince the reality (suggested in DeMarco's affidavit) that a request for a *Fatico* hearing may have jeopardized Shen's plea agreement and ultimate probation-only sentence. Furthermore, Shen's wife, who was convicted for the same fraud, did not request a *Fatico* hearing before her sentencing,

confirming the reasonableness of DeMarco's decision to forego a hearing. We thus conclude that DeMarco's strategic decision to forego a *Fatico* hearing (and the attendant risks) falls within the range of reasonable professional assistance. *See Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) ("We will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside." (cleaned up)).

B.      Prejudice Prong

Even if DeMarco's decision to forego a *Fatico* hearing was unreasonable, Shen has failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the [sentencing] proceeding would have been different." *Strickland*, 466 U.S. at 694. Shen offers little more than speculation that the district court would have granted a request for a *Fatico* hearing. The district court may have been skeptical of such a request given the parties' initial representation to the court "that there is no need for a *Fatico* hearing." App'x at A.116. Even if the district court would have granted a hearing, Shen does not point to any new evidence that could have affected the outcome. Shen's emails to DeMarco offered speculative evidence, and Shen otherwise points to evidence that was already before the district court, advancing various disputes as to restitution. The district court was thus correct that Shen's "broad[] asserti[ons]" are insufficient to show that evidence that could have been established at a *Fatico* hearing would have affected the ultimate restitution order. *Id.* at A.275. The district court did not abuse its discretion by denying Shen's coram nobis petition.[3]

\* \* \*

---

[3] We thus reject Shen's argument that the district court erred by failing to hold a coram nobis hearing. We do not decide whether the district court erred because any error was harmless.

8

We have considered all of Shen's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court