■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ROBLES, Appellant. [672 NYS2d 693] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered October 13, 1995, convicting defendant, upon his pleas of guilty, of robbery in the second degree and burglary in the second degree, and sentencing him to concurrent terms of 1½ to 4½ years, unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHAGI EL, Appellant. [671 NYS2d 654] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered April 3, 1996, convicting defendant, after a jury trial, of as-

sault in the first and second degrees, and criminal possession of a weapon in the second and third degrees, and sentencing him, as a violent felony offender, to two prison terms of 5 to 15 years on the first-degree assault and second-degree weapon convictions, and two terms of 2⅓ to 7 years on the second-degree assault and third-degree weapon convictions, all to run concurrently, unanimously affirmed.

The trial court sufficiently apprised defendant of the risks and dangers of self-representation and thus properly granted his request to proceed *pro se*. The court specifically warned defendant that he would be bound by the rules of evidence and Penal Law, and would not receive any special treatment or explanations but would be held to the same standards as an attorney. The court advised him against self-representation and standby counsel remained throughout the trial to advise defendant (*see, People v Vivenzio*, 62 NY2d 775).

Defendant's claim that the sentence was based on improper criteria is unpreserved and unsupported by the record, and we perceive no abuse of discretion in sentencing.

We have considered defendant's other arguments and find that they do not warrant reversal. Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.