**El RHAGI, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Superintendent, Green Haven Correctional Facility, Respondent–Appellee.**

**Docket No. 02–2015.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 23, 2002.

Decided: Oct. 25, 2002.

Marc Frazier Scholl, Assistant District Attorney (Morrie I. Kleinbart, Assistant District Attorney, on the brief) for Robert M. Morgenthau, District Attorney, District Attorney's Office, New York County, New York, NY, for Respondent–Appellee.

Before: WINTER, McLAUGHLIN, and CABRANES, Circuit Judges.

PER CURIAM:

Petitioner-appellant Rhagi El,[1] presently incarcerated at the Green Haven Correctional Facility, appeals from denial of his petition for a writ of habeas corpus by the United States District Court for the Southern District of New York (Denny Chin, *Judge*), entered on July 7, 2000. The appeal is dismissed for lack of appellate jurisdiction in the absence of a valid Certificate of Appealability ("COA"), as explained below.

### I.

After choosing to represent himself at trial, El was convicted on April 3, 1996 in New York State Supreme Court, New York County, of criminal possession of a weapon in the second and third degrees and assault in the first and second degrees. His conviction was affirmed by the Appellate Division on May 7, 1998, *People v. El,* 250 A.D.2d 395, 671 N.Y.S.2d 654 (1st Dep't 1998), and leave to appeal to the New York State Court of Appeals was denied on June 25, 1998, *People v. El,* 92 N.Y.2d 851, 677 N.Y.S.2d 82, 699 N.E.2d 442 (1998).

El filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York on October 26, 1998, raising three federal constitutional

Theodore S. Green, Green & Willstatter, White Plains, NY, for Petitioner–Appellant.

---

1. Although the official name that appears in the caption is "El Rhagi," petitioner has identified himself in this and previous proceedings as "Rhagi El" and, therefore, the Court uses that name when referring to petitioner.

claims: (1) that his waiver of counsel at trial was invalid; (2) that the judge's communication with standby counsel violated his right to self-representation; and (3) that he was improperly penalized at sentencing in violation of his right against self-incrimination because the judge enhanced his sentence for his failure to explain his criminal behavior. *El v. Artuz,* 105 F.Supp.2d 242, 247–48 (S.D.N.Y.2000). The Court denied the petition, ruling that the latter two claims were procedurally barred and that all three claims failed on the merits. *Id.* at 249–55. Judge Chin stated that a COA would issue only with respect to "whether petitioner's constitutional right against self-incrimination was violated during the sentencing phase of the case." *Id.* at 255.

El filed an untimely Notice of Appeal with respect to his self-incrimination claim on December 18, 2001, approximately 17 months after the District Court had entered judgment on July 7, 2000. El asserts that he did not receive the District Court's judgment until December 10, 2001, a statement that finds support in a docket entry indicating that the copy of the judgment mailed to petitioner was returned as "not deliverable" on July 14, 2000. Petitioner claims that his appeal should be considered in order to protect his due process rights to "notice" of the judgment's entry and "opportunity to be heard" through the appellate process. Pet'r's Rep. Br. at 2–3. He also invokes the doctrine of equitable tolling. *Id.* For the purposes of this appeal, we assume without deciding that one of these grounds would be sufficient to excuse the petition's tardiness.

## II.

■ Nonetheless, we decline to consider petitioner's appeal because no COA has been granted that would permit appellate review in this Court pursuant to 28 U.S.C. § 2253(c).[2] Although Judge Chin granted a COA with respect to the merits of petitioner's self-incrimination claim, he did not issue a COA with respect to his conclusion that petitioner's claim was procedurally barred and, therefore, the COA issued by the District Court was incomplete. In *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court specifically stated that "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id.* at 484–85, 120 S.Ct. 1595. The COA issued by the District Court was deficient because it was issued only with respect to petitioner's constitutional claim on the merits, and not on the question of procedural bar.

■ Petitioner argues that the District Court actually did issue a COA on the procedural question. He asserts that "under *Slack,* the issuance of a COA on a claim found procedurally defaulted signifies that the issuing court has found a sufficient showing as to both the constitutional claim and the procedural question." Pet'r's Rep. Br. at 8. Although it is conceivable that a court, in issuing a COA on the merits of a claim in certain circumstances, would be deemed also to have implicitly issued a COA on the question of procedural bar, the language of Judge

---

**2.** The statute provides in relevant part: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court ...." 28 U.S.C. § 2253(c)(1).

Chin's opinion in this case makes clear that a COA on the procedural issue was denied. His opinion states:

[A] certificate of appealability will not issue, except as to the issue of whether petitioner's constitutional right against self-incrimination was violated during the sentencing phase of the case. *See* 28 U.S.C. § 2253(c), as amended by AEDPA. This Court certifies that, *to that extent only,* petitioner has made a substantial, though insufficient showing of the denial of a constitutional right. This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order, *other than with respect to that one issue,* would not be taken in good faith.

*El,* 105 F.Supp.2d at 255–56 (emphasis added). The conclusion that Judge Chin denied a COA on the procedural question is bolstered by the fact that, in order to have issued such a COA, he would have had to find that, with respect to procedural bar, "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484, 120 S.Ct. 1595 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (internal quotation marks omitted)). There is no indication that the Court made such a finding. While Judge Chin allotted roughly two pages of his opinion to a discussion of the merits of petitioner's self-incrimination claim, *El,* 105 F.Supp.2d at 253–55, his conclusion that petitioner is procedurally barred arises from only one paragraph of analysis that suggests no uncertainty as to his ruling, *id.* at 250. Judge Chin noted that the New York Appellate Division had determined that El waived his claim under state law .by not objecting contemporaneously to the trial court's sentence, and that this constituted "an independent and adequate state ground that precludes federal habeas review." *Id.* at 250. He also noted that petitioner had made no effort to show cause and prejudice so as to excuse that waiver. *Id.* (citing *Garcia v. Lewis,* 188 F.3d 71, 76 (2d Cir.1999)). Absent a showing of cause and prejudice, it is settled law that an independent and adequate state law ground for a state court conviction cannot be disturbed on habeas. *See Coleman v. Thompson,* 501 U.S. 722, 729–31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ However, even where the District Court has declined to issue a COA, this Court may nonetheless issue a COA if petitioner can make the necessary showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484, 120 S.Ct. 1595; *see* 28 U.S.C. § 2253(c)(1) (permitting a "circuit justice or judge" to issue a certificate of appealability); *Eltayib v. United States,* 294 F.3d 397, 398 n. 2 (2d Cir.2002) (noting that "28 U.S.C. § 2253 empowers us to grant a certificate of appealability"). "If no express request for a [COA] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Fed. R.App. P. 22(b)(2). Accordingly petitioner's notice of appeal in this case will be construed as an application for a COA on the procedural-bar issue. *See Beatty v. United States,* 293 F.3d 627, 630 n. 1 (2d Cir.2002) (construing notice of appeal as an application for a COA); *Norde v. Keane,* 294 F.3d 401, 409 (2d Cir.2002) (same). Construing petitioner's notice of appeal as such, his request for a COA is denied, and the appeal dismissed.

■ As indicated above, an independent and adequate state law procedural ground for a petitioner's continued incarceration serves as a bar to federal habeas relief,

absent a showing of cause and prejudice. No reasonable jurist could debate the District Court's conclusion in that regard. Petitioner argues, however, that the New York Appellate Division's determination that his claim was procedurally barred was inadequate because it lacked a "fair or substantial basis in state law." *See Garcia,* 188 F.3d at 78 (citation omitted) (internal quotation marks omitted). The Appellate Division held that petitioner's self-incrimination claim was "unpreserved" because it was not raised at the time of sentencing. *El,* 250 A.D.2d at 396, 671 N.Y.S.2d at 654. Petitioner asserts that he did raise the claim by asking, "wouldn't that be costly to my appeal[?]" when the trial judge requested he be forthright with his probation officer after the jury verdict. App. at 34. However, there is a substantial basis in New York law for the Appellate Division's conclusion that appellant did not make the precise nature of his objection clear to the state trial court at the appropriate time, and thus he failed to preserve his objection for appeal. *See, e.g., People v. Ruz,* 70 N.Y.2d 942, 943, 524 N.Y.S.2d 668, 519 N.E.2d 614 (1988) ("By not bringing [his sentencing objection] to the attention of the court at the time of sentence, defendant failed to preserve it for our review."); *People v. Hurley,* 75 N.Y.2d 887, 554 N.Y.S.2d 469, 553 N.E.2d 1017 (1990) (holding that defendant's sentencing claim was not preserved for review in the Court of Appeals because "defendant and his attorney made no protest or objection as the predicate felony offender sentence ... was imposed."); *see also Garcia,* 188 F.3d at 81 (holding that there is a fair and substantial basis in New York law for procedural bar where the claim "was not brought to the trial court's attention 'in a way' or 'in such a manner' as to give the trial judge an opportunity to remedy the problem and avert reversible error") (collecting cases). The relevant

question is not whether the state court was "right or wrong" in its decision, but rather whether its holding had a "fair or substantial basis in state law." *Garcia,* 188 F.3d at 77–78 (citations omitted) (internal quotation marks omitted). Even if the Appellate Division was incorrect in its ruling, we do not believe that reasonable jurists could debate that there was in this case, at the very least, a fair or substantial basis in state law for its decision or, therefore, that there was an independent and adequate state-law procedural bar precluding federal habeas review. *See Slack,* 529 U.S. at 484, 120 S.Ct. 1595 (setting forth the "reasonable jurist" standard for issuance of a COA). Accordingly, a COA will not issue with respect to petitioner's procedural claims.

### III.

Because the District Court denied a COA with respect to the question of procedural bar, and because a COA will not issue in this Court for the reasons stated above, the appeal is DISMISSED for lack of appellate jurisdiction.