**UNITED STATES of America, Plaintiff–Appellee,**

v.

**August MEZZETTA, Defendant–Appellant.**

**Docket No. 02–1044.**

United States Court of Appeals, Second Circuit.

Dec. 6, 2002.

August Mezzetta, Federal Prison Camp, Lewisburg, PA, for Appellant, pro se.

Robert M. Appleton, Assistant United States Attorney, United States Attorney's Office, Bridgeport, CT, for Appellee.

Present: KEARSE, McLAUGHLIN, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant, August Mezzetta, *pro se* and fee-paid, appeals from an order of the United States District Court for the District of Connecticut (Thompson, J.) dismissing his challenge, pursuant to 28 U.S.C. § 2255, to his criminal conviction for, *inter alia,* conspiring to embezzle the assets of a pension plan in violation of 18 U.S.C. § 371, and of embezzling such assets in violation of 18 U.S.C. § 664. Appellant filed a § 2255 motion in district court alleging that his conviction was obtained as a result of: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; and (3) due process violations. The district court denied habeas relief, but granted appellant a certificate of appealability with regard to the ineffective assistance of counsel and due process claims. We affirm the district court's order, finding that the district court properly dismissed the § 2255 motion on the grounds that appellant's claims were either procedurally barred from review or lacked any merit.

In reviewing a district court's denial of habeas relief, this court reviews findings of fact for clear error and conclusions of law

*de novo.* *See Scanio v. United States,* 37 F.3d 858, 859 (2d Cir.1994).

██ The district court issued a certificate of appealability (COA) with respect to the merits of appellant's due process claim but not with respect to whether appellant is procedurally barred from bringing such a claim. In order for this Court to address appellant's due process claim, it is first necessary to determine whether a COA is appropriate for the procedural bar issue. *See Rhagi v. Artuz,* 309 F.3d 103 (2d Cir.2002) (*per curiam*). Having reviewed the record, we find no evidence to support the grant of a COA because reasonable jurists would agree that appellant's due process claims are procedurally barred. Therefore, this Court will not issue a COA for the procedural bar issue and will not review the merits of the claim.

The district court also refused to issue a COA with respect to appellant's prosecutorial misconduct claim. Nevertheless, appellant argues the merits of this claim to this Court. An appeal cannot be taken on a habeas claim without a COA. *See* Fed. R.App. P. 22(b)(1). Even if we construed appellant's *pro se* brief as a motion to expand the COA to include his prosecutorial misconduct claim, we would deny such a motion. As with appellant's due process claims, we find no evidence to support the grant of a COA because reasonable jurists would agree that appellant's prosecutorial misconduct claim is procedurally barred.

██ To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, a petitioner must show that his "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *United States v. DiTommaso,* 817 F.2d 201, 215 (2d Cir.1987). Appellant's claims regarding his counsel's failure to research and investigate specific ERISA statutes are frivolous, as he was not indicted for violations of ERISA statutes. Therefore, his counsel's performance was not ineffective.

For the foregoing reasons, the district court's judgment is hereby affirmed.