**Thomas HANNIGAN, Petitioner–Appellant,**

v.

**COMMISSIONER OF CORRECTIONAL SERVICES, Respondent–Appellee.**

**No. 03–2612.**

United States Court of Appeals, Second Circuit.

April 5, 2004.

Irving Anolik, New York, NY, for Appellant.

Michael J. Miller, Assistant District Attorney (Thomas J. Spota, District Attorney of Suffolk County, on the brief), District Attorney's Office for Suffolk County, Riverhead, NY, for Appellee.

Present: CABRANES, POOLER, Circuit Judges and HALL, District Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

In October 1988, petitioner Thomas Hannigan was indicted for intentional murder, felony murder, and first degree burglary concerning the August 17, 1988 murder of Judith Smith in her Suffolk County, New York home. On July 27, 1989, petitioner was convicted by a Suffolk County jury of all three counts, and the trial court sentenced him to serve concurrent terms of twenty-five years' to life imprisonment for the two murder convictions and a consecutive term of twelve and one-half to twenty-five years' imprisonment for the burglary conviction.

On direct appeal to the New York Supreme Court, Appellate Division, petitioner challenged his convictions on seven grounds, six of which the Appellate Division determined were "unpreserved for ap-

---

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

pellate review or without merit." *People v. Hannigan*, 193 A.D.2d 8, 14, 601 N.Y.S.2d 928, 932 (2d Dep't 1993). With regard to petitioner's final claim that, in light of *People v. Sloan*, 79 N.Y.2d 386, 583 N.Y.S.2d 176, 592 N.E.2d 784 (N.Y.1992), the trial court erred by screening potential jurors outside petitioner's presence and without petitioner's waiver of his presence, the Appellate Division held that *Sloan* was not applicable retroactively and therefore offered petitioner no relief. 193 A.D.2d at 13–14, 601 N.Y.S.2d at 932. Petitioner sought leave to appeal only the *Sloan* issue to the New York Court of Appeals, which granted permission to appeal and affirmed without comment the decision of the Appellate Division. *People v. Hannigan*, 84 N.Y.2d 981, 622 N.Y.S.2d 905, 647 N.E.2d 110 (1994).

In May 1997, petitioner sought habeas relief in the District Court below. Appellant Br. at 3; Appellee Br. at 3. Although the Court initially dismissed the petition as untimely, the Court, on petitioner's motion for reconsideration and upon agreement of the parties, reinstated the petition, permitting petitioner to immediately withdraw it without prejudice in order to exhaust his State remedies. Appellant Br. at 3; Appellee Br. at 3. Accordingly, and pursuant to New York Criminal Procedure Law § 440.10,** petitioner filed a motion in the New York Supreme Court, Suffolk County, to vacate the judgment of conviction, on the heretofore-unraised ground that he had been denied the effective assistance of counsel because his trial counsel had been working under a conflict of interest when he represented petitioner at the same time that counsel was under investigation by the State. Appellant Br. at 4; Appellee

Br. at 3. The New York Supreme Court, Suffolk County, denied the motion, and the Appellate Division denied petitioner's application for leave to appeal. Appellant Br. at 4; Appellee Br. at 3–4.

In 1999, petitioner renewed his federal habeas petition, in which he raised six claims. Appellant Br. at 4; Appellee Br. at 4. By Memorandum Order and Judgment dated August 7, 2003, Judge Weinstein denied the petition but issued a certificate of appealability with regard to the following five claims:

(1) petitioner was denied the effective assistance of counsel based on the State's investigation of petitioner's trial counsel during counsel's representation of petitioner;

(2) petitioner was denied the right to be present during all material stages of his trial when he was not present for the screening of potential jurors outside petitioner's presence;

(3) petitioner was denied a fair trial because of prosecutorial misconduct;

(4) petitioner's confessions were the product of coercion and secured in violation of his right to counsel; and

(5) petitioner was improperly identified at trial.

*See Hannigan v. Comm'r of Corr. Servs.*, No. 99–CV–6519, slip op. at 4–20 (E.D.N.Y. Aug. 7, 2003).

Having reviewed the record and considered the arguments of the parties, we agree with Judge Weinstein that petitioner's claims of prosecutorial misconduct, improper admission of confessions, and improper identification procedures, as well as

---

** That statute provides in relevant part:

At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that … [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States. N.Y.Crim. Pro. L. § 440.10(1)(h).

8

the extent to which the juror screening claim asserts an equal protection violation, were not exhausted in State court and are now procedurally barred from review by a federal habeas court. *See id.* at 6–7. Because the District Court did not certify the procedural bar issue to us, we cannot reach the merits of these claims. *See El Rhagi v. Artuz,* 309 F.3d 103, 105–06 (2d Cir.2002) (per curiam). Moreover, the District Court was clearly correct when it found the claims procedurally barred and, further, that petitioner failed to make the requisite showing of cause and prejudice to overcome the procedural bar. *See Hannigan,* No. 99–CV–6519, slip op. at 7.

With regard to petitioner's remaining claims–namely, ineffective assistance of counsel and the extent to which his juror screening claim asserts a due process violation–we conclude, for substantially the reasons articulated by Judge Weinstein in his Memorandum Order and Judgment of August 7, 2003, that the claims are without merit. *See id.* at 7–15.

Accordingly, the judgment of the District Court is hereby **AFFIRMED**.