**Rodney R. GREEN, Petitioner–Appellant,**

v.

**W. MAZZUCCA, Respondent–Appellee.**

Docket No. 03–2521.

United States Court of Appeals,
Second Circuit.

Argued: July 15, 2004.

Decided: July 22, 2004.

Barry M. Fallick, New York, N.Y. (Jillian S. Harrington, on the brief), for Petitioner–Appellant.

Leonard Joblove, Assistant District Attorney, (Charles J. Hynes, District Attorney, Kings County, NY, on the brief, Victor Barall, Morgan J. Dennehy, of counsel), for Respondent–Appellee.

Before: CALABRESI and SOTOMAYOR, Circuit Judges, and HALL, District Judge.*

PER CURIAM.

Having exhausted his post-conviction state court remedies, Petitioner Rodney Green filed a federal habeas petition in the District Court for the Eastern District of New York claiming a range of constitutional violations incident to his trial and conviction. The district court (Weinstein, *J.*) dismissed Green's habeas petition as un-

* The Honorable Janet C. Hall, United States District Court for the District of Connecticut, sitting by designation.

timely and also as unpersuasive on the merits. Judge Weinstein issued a Certificate of Appealability ("COA") for Petitioner to challenge the court's dismissal only on the grounds of timeliness; he refused to certify an appeal on the merits.

■ Green did not seek a more expansive COA from this Court, nor did he, on his own, raise any challenges on appeal, other than those pertaining to timeliness. We cannot adjudicate his timeliness claim because, in the circumstances of this case, it does not present us with a live case or controversy. *See Deakins v. Monaghan,* 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual ongoing controversies between litigants. It is not enough that a controversy existed at the time the complaint was filed . . . .") (internal citations omitted). Here, any disposition on the issue of timeliness would have no legal effect because the district court's unchallenged judgment on the merits precludes our granting Green relief, whatever our view on the timeliness issue.

■ "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Mich. High Sch. Athletic Ass'n,* 119 F.3d 453, 458 (6th Cir.1997) (en banc) (internal quotations marks omitted); *see also Kaminski v. United States,* 339 F.3d 84, 85 n. 1 (2d Cir.2003) ("[O]rdinarily, unless a certificate encompasses all of the grounds for a court's ruling on an issue, an appeal that challenges only some of the district court's grounds will be moot."); *Int'l Bhd. of Boilermakers, Local Union No. S–251 v. Thyssenkrupp Elevator Mfg., Inc.,* 365 F.3d 523, 527 (6th Cir.2004) (summarizing case holdings across the circuits that "recognize[ ] that there was nothing for them to decide where their decision on the issue before them would have no impact or effect on the rights of the parties"). In other words, when a judgment rests on two independent grounds, a failure to appeal either one of them justifies summary affirmance.

■ Our holding does not limit our ability to expand a petitioner's COA when appropriate. Indeed, we may construe the filing of a notice of appeal as a request for a COA "on all issues raised in the appeal." *Cotto v. Herbert,* 331 F.3d 217, 236 (2d Cir.2003); Fed. R.App. P. 22(b)(2). However, even if we were inclined, *nostra sponte,* to widen the scope of the COA to include challenges to the district court's judgment on the merits, we should not do so in the instant case, given Petitioner's failure to discuss any issues other than the one covered by the COA. *See Cotto,* 331 F.3d at 236–37; *El Rhagi v. Artuz,* 309 F.3d 103, 106 (2d Cir.2002) (per curiam). In any event, Petitioner's other claims lack merit.

The judgment of the district court is AFFIRMED.