**Anthony GARRAWAY, Plaintiff–Appellant,**

v.

**Lorraine JULIAN, Defendant–Appellee.**

No. 03–7984, 03–0282.

United States Court of Appeals,
Second Circuit.

July 22, 2004.

Anthony Garraway, Moravia, New York, for Plaintiff–Appellant, pro se.

Dennis P. Sheehan, Hickey, Sheehan Law Firm, Binghamton, New York, for Defendant–Appellee.

PRESENT: CALABRESI, SOTOMAYOR, Circuit Judges, and HALL, District Judge.*

SUMMARY ORDER

Plaintiff–Appellant Garraway appeals the judgment of the district court (McAvoy, *J.*) dismissing a 42 U.S.C. § 1983 action that Garraway brought against Defendant–Appellee Julian. The suit claimed Julian had failed to release a dog that Garraway said was his. In 2000, a dog control officer and a New York State trooper seized the dog and placed it with the Broome County Humane Society in Binghamton, New York. Sometime later, when the trooper allegedly ordered the release of the dog, Julian, the administrator of the Humane Society, refused to comply. Garraway then sought legal redress, first in state court and later in federal district court.

The district court decided the case on two grounds. First, it found Garraway's

---

* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

suit to be collaterally estopped because the New York State Supreme Court had ruled that the dog did not belong to Garraway, and that, as a result, Garraway lacked standing "to pursue legal claims arising from the alleged wrongful withholding of [another person's] dog[ ]." Second, the district court determined that Julian was not a state actor and therefore was not capable of being sued under section 1983. Finding that Garraway raised no new claims, the court also denied Garraway's motion to reconsider.

On appeal, Garraway proffers many arguments addressing issues of state action, but does not challenge the district court's collateral estoppel finding. Because that unchallenged holding is sufficient to support a dismissal of Garraway's claim and because the district court was correct in denying reconsideration, Garraway's appeal is unavailing. *See Green v. Mazzucca*, 377 F.3d 182 (2d Cir.2004); *see also Kaminski v. United States*, 339 F.3d 84, 85 n. 1 (2d Cir.2003); *Int'l Bhd. of Boilermakers, Local Union No. S–251 v. Thyssenkrupp Elevator Mfg., Inc.*, 365 F.3d 523, 526–27 (6th Cir.2004).

We have considered all of Garraway's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.