Dionisio HERNANDEZ, Petitioner–Appellant,

v.

Floyd BENNETT, Superintendent of Elmira Correctional Facility, Respondent–Appellee.

No. 02–2486.

United States Court of Appeals, Second Circuit.

March 17, 2005.

Bruce R. Bryan, Syracuse, NY, for Appellant.

Sharon Y. Brodt, Assistant District Attorney Queens County, Kew Gardens, NY, for Appellee.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

■ Dionisio Hernandez appeals from a judgment of the district court denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the facts, underlying state and federal proceedings, and specification of appellate issues.

Insofar as relevant to this appeal, the district court (1) found a procedural bar to consideration of Hernandez's claim that the state trial court improperly charged on intent; (2) held that the charge claim was without merit; and (3) held that petitioner's trial counsel had furnished effective assistance of counsel. The court granted a certificate of appealability on the charge issue and on "the ineffective assistance claim based on a failure to properly object to the instruction on intent."

We are not certain whether the district court intended to grant a certificate of appealability on the procedural bar to considering the merits of the charge claim. *See Rhagi v. Artuz,* 309 F.3d 103, 105 (2d Cir.2002) (holding that either the district court or the court of appeals must issue a certificate of appealability on both the merits and the procedural bar before we can consider the merits of a claim that the district court held to be procedurally barred). The district court's grant of a certificate of appealability on ineffective assistance of counsel, the "cause" Hernandez assigns for his procedural default, suggests that it intended to allow review of the procedural bar. However, even assuming that the district court wished this court to review its procedural bar finding or that we would grant a certificate of appealability on this issue, the correctness of the district court's central holding—that there was no error, constitutional or otherwise—in the state trial court's charge on intent is dispositive.

The test for finding charge-based constitutional error is a strict one. *See Cupp v.*

---

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

**644**

*Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973) (holding that constitutional error cannot be premised on error in a charge unless the error "violated some right which was guaranteed to the defendant by the Fourteenth Amendment"). We see no basis for finding a Fourteenth Amendment violation. In fact, the charge given here tracked closely the New York statute defining intent. *See* N.Y. Penal L. § 15.05(1). And the trial court did not err by instructing the jury that it need not find that Hernandez had the requisite intent for any particular period of time before he fired his gun as long as he possessed the intent at the time of shooting. *See People v. Payne,* 3 N.Y.3d 266, 786 N.Y.S.2d 116, 118, 819 N.E.2d 634 (2004) (holding that "intentional murder does not require planning or contrivance"). Because there was no error in the charge, the district court correctly denied the writ.

■ The correctness of the trial court's charge also resolves the other issue before us, ineffective assistance of counsel raised both as a separate claim and as cause for the procedural default on the charge issue. In order to find constitutional ineffectiveness, a court must find that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failing to object to a charge that does not contain error does not fall below an objective standard of reasonableness.

We have considered each of Hernandez's remaining arguments and found that it lacks merit. We therefore affirm the judgment of the district court.