Rocky L. FREEMAN, also known as Ricky McCoy also known as Lendell Miller also known as Quintin Ransom also known as Rocky Forrman also known as Raheem, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 05–3672–pr.

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

Sally Wasserman, New York, N.Y., for Petitioner–Appellant.

David C. James, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Peter A. Norling, of counsel), New York, N.Y., for Respondent–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Rocky Freeman appeals from a June 29, 2005 order of the United States District Court for the Eastern District of New York (Johnson, *J.*) denying his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. *Freeman v. United States,* No. 01CV0720(SJ), 2005 WL 1498289 (E.D.N.Y. June 17, 2005). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

A district court's final order regarding a § 2255 petition is subject to appellate review by the court of appeals for the circuit in which the proceeding is held, but only if a circuit justice or judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(a), (c)(1). Here, the COA, now twice-expanded by this Court, gives Freeman permission to challenge the District Court's ruling on the timeliness of his petition and the District Court's failure to conduct a hearing regarding his entitlement to equitable tolling. *See Freeman v. United States,* No. 05–3672–pr (2d Cir. July 24, 2006, Jan. 9, 2007) (unpublished orders). But the COA does not encompass another, and totally independent, basis for the District Court's denial of Freeman's habeas petition, namely, the failure of each claim on its merits. Accordingly, there is no live case or controversy for us to adjudicate. *See Green v. Mazzucca,* 377 F.3d 182, 183 (2d Cir.2004) (per curiam) ("[A]ny disposition on the issue of timeliness would have no legal effect because the district court's unchallenged judgment on the merits precludes our granting [the petitioner] relief, whatever our view on the timeliness issue.").

We may, of course, exercise jurisdiction in order to consider whether to "construe the filing of a notice of appeal to be a request for a COA on all issues raised in that appeal" and, if so, whether to grant that request. *Smith v. Duncan,* 411 F.3d 340, 346 (2d Cir.2005); *Green,* 377 F.3d at 183. But we will expand the COA *nostra sponte* only if "a petitioner makes the necessary showing that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Smith,* 411 F.3d at 346 (quoting *Miller–El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)). Freeman has failed to make either showing.

Accordingly, the appeal is DISMISSED.