**Michael KIRSHTEIN, Petitioner–Appellant,**

v.

**Leonard PORTUONDO, Superintendent of Attica Correctional Facility, Respondent–Appellee.**

**No. 06–0469–pr.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2008.

Amy Appelbaum, Assistant District Attorney (Charles J. Hynes, District Attorney for Kings County, on the brief, Leon-

---

* The Honorable Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation.

ard Joblove, Victor Barall, of counsel), Brooklyn, New York, for Petitioner–Appellant.

Julia Pamela Heit, New York, New York, for Respondent–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Michael Kirshtein appeals from a June 16, 2003 order of the United States District Court for the Eastern District of New York (Weinstein, J.) dismissing as untimely his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The district court dismissed Kirshtein's petition finding that it was filed 562 days beyond the one-year statute of limitations, see 28 U.S.C. § 2244(d)(1), and further finding that Kirshtein offered no legally valid reason to equitably toll the limitations period. Because the district court did not make adequate factual findings on the issue of equitable tolling, we choose to assume that the petition was timely filed, see Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 816 & n. 11 (2d Cir.2000) (explaining that we may assume hypothetical jurisdiction where the jurisdictional requirement is not constitutional), and we choose to expand the certificate of appealability ("COA") to the merits of Kirshtein's appeal, see Green v. Mazzucca, 377 F.3d 182, 183 (2d Cir.2004) (per curiam) (noting that this Court has discretion to "expand a petitioner's COA when appropriate"). To this end, we asked the petitioner to brief the merits of the petition, which he has done.

At trial, Kirshtein presented a defense of extreme emotional disturbance to charges of second-degree murder; the defense was ultimately rejected by the jury. Kirshtein argues that he received ineffective assistance of counsel at trial because his lawyer: (1) failed to object to inflammatory comments regarding the law of extreme emotional disturbance made by the prosecution during summation; (2) failed to adequately cross examine prosecutorial witnesses as to whether they received any benefit from the state in exchange for their testimony; and (3) failed to object to an outburst of a state witness in front of the jury while the judge and counsel were absent from the courtroom. Because this petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Kirshtein cannot succeed on these claims unless he can show that the New York state courts applied Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to the facts of his case in an "objectively unreasonable manner." See Bell v. Cone, 535 U.S. 685, 699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); see also Strickland, 466 U.S. at 690, 694, 104 S.Ct. 2052 (holding that in order to succeed on a Sixth Amendment ineffective assistance of counsel claim, a defendant must show that: (1) "in light of all the circumstances, the identified acts or omissions [of defense counsel] were outside the wide range of professionally competent assistance"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Because the state court concluded that there existed "[s]ufficient facts ... on the record" regarding these claims, but petitioner had failed to raise them on direct appeal, the court held that the claims were procedurally barred under New York law. See N.Y.Crim. Proc. Law § 440.10(2)(c). Moreover, to the extent

petitioner's claim regarding the prosecution's summation was raised on direct appeal, the court noted that that claim had already been held to be without merit in the direct appeal, and that it could therefore not have constituted ineffectiveness for petitioner's counsel to have failed to make the claim again. Finally, the court concluded that petitioner's ineffectiveness claims were without merit anyway. We conclude that the state court did not unreasonably apply *Strickland.*

For the foregoing reasons, the judgment of the district court is AFFIRMED.