**M & M PACKAGING, INC.,**
Plaintiff–Appellant,

v.

Patrick J. **KOLE,** Wayne Allen, Robert Wilkins, Richard Watt, Richard Mita, Ronald Olsen, Randy Bauscher, Brad Foster, Wes Wootan, Doug Gross, Ronald Buatte, Mark Coombs, and John Does Numbers 1 to 10, Defendants–Appellees.

No. 07–1315–cv.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

J. Joseph Bainton, Bainton McCarthy LLC, New York, N.Y., for Appellant.

David Zaslowsky, Baker & McKenzie LLP, New York, N.Y., for Appellees.

Present: WILFRED FEINBERG, RALPH K. WINTER, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

**AFTER ARGUMENT AND UPON CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DE-CREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

M & M Packaging, Inc. ("M & M") appeals a February 28, 2007 judgment dismissing its complaint in the Southern District of New York. Also before us is M & M's nunc pro tunc motion for enlargement of time to file a reply brief, appellees' motion to strike portions of M & M's reply brief, and appellees' motion for sanctions against M & M.

Various related disputes between the parties have thrice been before this Court. *See Hapco Farms, Inc. v. Idaho Potato Comm'n,* 238 F.3d 468 (2d Cir.2001); *Idaho Potato Comm'n v. M & M Produce Farm & Sales,* 335 F.3d 130 (2d Cir.2003); *M & M Packaging, Inc. v. Kole,* No. 05–4510–cv, 2006 WL 1527162 (2d Cir. June 1, 2006). We assume the parties' familiarity with the facts, prior litigation, proceedings below, and the issues raised on appeal. In a prior appeal, we previously concluded that the Idaho Potato Commission ("IPC"), for which appellees are commissioners, was shielded from suit by the Eleventh Amendment. *Hapco Farms,* 238 F.3d at 468. M & M subsequently brought suit against the individual IPC commissioners, but the district court dismissed for lack of personal jurisdiction under New York's long arm statute, N.Y. C.P.L.R. 302(a)(3)(ii) and the Fourteenth Amendment's Due Process Clause. *M & M Packaging v. Kole,* No. 04cv9532 (S.D.N.Y.

filed July 27, 2005). We affirmed on statutory grounds, for M & M's failure to allege that appellees derived "substantial revenue from interstate or international commerce," one of New York C.P.L.R. 302(a)(3)(ii)'s requirements. *M & M Packaging, Inc. v. Kole,* 2006 WL 1527162, at * 1. In 2006, M & M refiled its complaint, incorporating an allegation as to derivation of substantial revenue, and the district court again dismissed finding, in part, that M & M did not make a prima facie showing that appellees derived substantial revenue from interstate or international commerce, but also incorporating its July 27, 2005 decision. *M & M Packaging, Inc. v. Kole,* No. 06cv6398 (S.D.N.Y. filed Feb. 26, 2007).

▮ As a preliminary matter, we grant M & M's nunc pro tunc motion for enlargement of time to file a reply brief, as it appears that the brief was filed within the time frame agreed upon by the parties, and because appellees will suffer no prejudice. We next address the merits of the appeal itself as that discussion relates to our decision to grant appellees' motion to strike portions of M & M's reply brief, and to deny appellees' motion for sanctions against M & M.

▮ Appellees urge us to summarily affirm the district court because M & M failed to appeal one of the two independent grounds for the district court's decision-lack of personal jurisdiction, which was appealed, and improper venue, which was not. *See Green v. Mazzucca,* 377 F.3d 182, 183 (2d Cir.2004) ("[W]hen a judgment rests on two independent grounds, a failure to appeal either one of them justifies summary affirmance."). M & M argues that no such affirmance is warranted because the district court

> never expressly held that its ruling on venue was an independent ground upon which to dismiss the case.... In fact, the District Court based this ruling on

its finding that M & M did not suffer an "injury" within the district. The injury issue for venue purposes was wholly dependent, and an outgrowth of, the District Court's primary ruling on personal jurisdiction under CPLR 302(a)(3)(ii) in which it held that M & M did not suffer an injury in New York and in turn the District Court did not have jurisdiction over the persons of Appellees.

M & M's Opp'n to Mot. to Strike at 1. It is clear to us that the district court based its decision to dismiss on two grounds, lack of personal jurisdiction and improper venue. Nevertheless, our inquiry does not end there because under our precedent, summary affirmance would be warranted only where appellants fail to present us with a "live case or controversy." *Green,* 377 F.3d at 183. To make that determination, we ask whether "any disposition on the issue of [personal jurisdiction], would have [any] legal effect," or put differently, whether "the district court's unchallenged judgment on [venue] precludes our granting [M & M] relief, whatever our view on the [lack of jurisdiction] issue." *Id.* Here, it is not so clear that the district court's unchallenged judgment on venue precludes our granting M & M relief if we were to find in its favor on personal jurisdiction. We arrive at that conclusion for the following reasons: (1) the district court's conclusion that venue was improper was based on M & M's failure to show that New York is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b); (2) which in turn was based on its finding that M & M suffered no economic injury in New York; (3) which in turn was grounded in its previous decision, *M & M Packaging v. Kole,* No. 04cv9532 (S.D.N.Y. filed July 27, 2005), that it lacked personal jurisdiction over appellees because M & M had failed to meet the "situs-of-injury" prong of N.Y. C.P.L.R.

302(a)(3)(ii). Accordingly, if we were to find that New York is the situs of injury, we could grant relief to M & M on venue.

But, we do not so find. In *Whitaker v. American Telecasting, Inc.*, we stated that "the situs of injury for purposes of asserting long arm jurisdiction is the place where the *underlying, original event occurred* which caused the injury." 261 F.3d 196, 209 (2d Cir.2001) (emphasis added); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir.1999) ("This 'original event' is, however, generally distinguished not only from the initial tort but from the final economic injury and the felt consequences of the tort."). We further explained that " '[t]he situs of the injury is the location of the original event which caused the injury, *not the location where the resultant damages are felt by the plaintiff.*' " *Whitaker*, 261 F.3d at 209 (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990)) (emphasis added). And, we went on to conclude that "[t]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *Id.* (quotation marks omitted). Here, the "underlying, original event" which caused the injury—IPC's failure to grant M & M a license to use its certification mark—occurred in Idaho. As such M & M fails to meet the situs-of-injury test and we lack personal jurisdiction.

We now turn to the two motions still pending before us. Because of the overlap between the district court's discussion on venue and personal jurisdiction discussed above, and because we find that appellees had adequate opportunity to address the issues raised in the reply brief in their initial brief discussing the situs-of-injury prong of N.Y. C.P.L.R. 302(a)(3)(ii),

we deny appellees' motion to strike portions of M & M's reply brief. *See In re Harris*, 464 F.3d 263, 268–69 n. 3 (2d Cir.2006). That leaves appellees' motion for sanctions. Appellees move for sanctions on two separate grounds: (1) M & M's failure to appeal all grounds upon which the judgment below was based, even when alerted by opposing counsel that it had failed to do so; (2) M & M's history of "harassing litigation" against the IPC and its officers. We decline to assess sanctions solely on the basis of the alleged "harassing litigation" because in view of the history of litigation recited above, we conclude that M & M had legitimate reasons for bringing its various lawsuits. However, we have deep concerns about M & M's failure to appeal both grounds of the district court's decision, even when alerted to this error by opposing counsel. At the very least, this omission suggests that M & M was acting with reckless disregard as to whether it was filing a frivolous appeal and suggests bad faith. *See* Fed.R.Civ.P. 38 (permitting sanctions if frivolous appeal filed); 28 U.S.C. § 1927 (permitting sanctions if attorney acts in bad faith). After all, had we concluded that appellees do not derive substantial revenue from interstate or international commerce and thus found that we lacked personal jurisdiction on that ground, we would never have reached the ground upon which the district court's finding as to improper venue was based. However, since, as already discussed, the grounds for the district court's decision were intertwined, we decline—though only by exercising much restraint—to impose sanctions. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir.2005); *State Str. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir.2004).

Accordingly, the judgment of the district court hereby is AFFIRMED. We grant M & M's nunc pro tunc motion for enlarge-

ment of time to file a reply brief, deny appellees' motion to strike portions of M & M's reply brief, and deny appellees' motion for sanctions against M & M.