*Green v. Quiros*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

Courtney Green,

> Petitioner–Appellant,

v.                                                                        No. 21-1160

Angel Quiros, Commissioner of Correction,

> Respondent–Appellee.

_____

FOR PETITIONER-APPELLANT: RANDALL D. UNGER, ESQ., Kew Gardens, NY.

FOR RESPONDENT-APPELLEE: STEVEN R. STROM, Assistant Attorney General (Clare Kindall, Solicitor General, *on the briefs*), *for* William Tong, Attorney General, State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Haight, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

This is an appeal from the denial of a federal habeas petition brought in August 2020 by Courtney Green, who at the time of filing was incarcerated at Osborn Correctional Institution in Connecticut. Green sought release from custody or transfer to home confinement, arguing that he was immunocompromised and therefore vulnerable to infection and complications from COVID-19, and that his continued detention violates the Eighth Amendment. The district court concluded that Green failed to adequately exhaust state court remedies and therefore denied his petition without prejudice. The district court declined to issue a certificate of appealability (COA), but a panel of this Court did grant a COA, limited to the question of whether Green's claim is cognizable in habeas or should be brought under 42 U.S.C. § 1983. This case was heard in tandem with two others presenting the same question in substantially the same procedural posture. Today we dismiss all three of these cases in separate summary orders for the reason explained below.

On August 20, 2020, Green filed, *pro se*, what he styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. After Green filed an amended petition, the district court converted Green's petition to one under 28 U.S.C. § 2254 and dismissed for failure to exhaust state court remedies because Green had not sought relief of any kind in state court before initiating this action. *Green v. Quiros*, No. 3:20-CV-1217 (CSH), 2021 WL 1670293, at *6 (D. Conn. Apr. 27, 2021). No party disputed the cognizability of Green's claim in habeas, and the district court concluded that since Green was seeking "immediate release from incarceration, his application is

appropriately framed as a § 2254 petition for a writ of habeas corpus." *Id.* at \*2. Nevertheless, the COA this Court granted is explicitly limited to the issue of whether Green's claim is cognizable in habeas and does not include the issue of his failure to exhaust remedies in Connecticut state court. Green asks the Court to expand the COA to allow him to challenge the district court's conclusion that he failed to exhaust state remedies, which is an independent barrier to relief. To expand the COA, we would have to conclude that "jurists of reason would find it debatable whether the district court was correct in" holding that Green failed to adequately exhaust state court remedies before filing this case. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

The exhaustion requirement serves to ensure that state courts have "the opportunity fully to consider federal-law challenges to" state prisoners' incarceration. *Duncan v. Walker*, 533 U.S. 167, 178 (2001). "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). By its terms, 28 U.S.C. § 2254 requires that an individual in state custody seeking a federal writ of habeas corpus first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "While 28 U.S.C. [§] 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976). Thus, even assuming that Green's petition could proceed in habeas, his failure to seek habeas relief in state court bars relief under either Section 2241 or Section 2254.

3

We decline to expand the COA because we find that reasonable jurists could not disagree with this conclusion.  *See Slack*, 529 U.S. at 484.

Having declined to expand the COA, we must dismiss the appeal for lack of appellate jurisdiction.  "Here, any disposition on the issue of" whether these claims are cognizable in habeas "would have no legal effect because the district court's unchallenged judgment on" exhaustion "precludes our granting [Green] relief, whatever our view on the [cognizability] issue." *Green v. Mazzucca*, 377 F.3d 182, 183 (2d Cir. 2004); *see also Rhagi v. Artuz*, 309 F.3d 103, 107 (2d Cir. 2002) ("Because the District Court denied a COA with respect to the question of procedural bar, and because a COA will not issue in this Court for the reasons stated above, the appeal is Dismissed for lack of appellate jurisdiction.").  We recognize that this case implicates an important question over which the district courts would benefit from guidance.  However, the Constitution allows us to provide such guidance only in the context of resolving an ongoing case or controversy.  The district court's exhaustion holding means that, whatever we say about the cognizability of this claim in habeas, our decision would not have any practical effect on the outcome of this case.  Therefore, we must dismiss.

We have considered Green's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4