*Brooks v. Annucci et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand twenty-three.

PRESENT:
        **ROBERT D. SACK,**
        **SUSAN L. CARNEY,**
        **ALISON J. NATHAN,**
            *Circuit Judges.*

---

William Brooks,

        Petitioner–Appellant,

v.                                      No. 21-852

Anthony J. Annucci, Acting Commissioner of New York State Department of Corrections and Community Supervision (DOCCS), Andrew M. Cuomo, Governor of New York State, Shawn Cronin, DOCCS Chief Executive Office for Groveland Correctional Facility (GFC),

        Respondents–Appellees.

---

FOR PETITIONER-APPELLANT:        RANDALL D. UNGER, ESQ., Kew Gardens, NY.

FOR RESPONDENTS-APPELLEES:        ANDREW W. AMEND, Assistant Deputy Solicitor General (Michelle Maerov, Assistant Attorney General, Nikki Kowalski,

Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *on the briefs*), *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

This is an appeal from the dismissal of a federal habeas petition brought in January 2021 by William Brooks, who at the time of filing was incarcerated at Groveland Correctional Facility in New York.   Brooks sought immediate release, arguing that he was particularly vulnerable to infection and complications from COVID-19 and that his continued detention violates the Eighth Amendment.   The district court concluded that Brooks failed to adequately exhaust state court remedies and therefore dismissed his petition without prejudice.   The district court declined to issue a certificate of appealability (COA), but a panel of this Court did grant a COA, limited to the question of whether Brooks's claim is cognizable in habeas or should have been brought under 42 U.S.C. § 1983.   This case was heard in tandem with two others presenting the same question in substantially the same procedural posture.   Today we dismiss all three of these cases in separate summary orders for the reason explained below.

The instant petition is the second federal habeas petition that Brooks filed *pro se* seeking release during the COVID-19 pandemic.   His first federal habeas petition was filed in April 2020 and was dismissed without prejudice for failure to exhaust.   *See Brooks v. Wolcott*, No. 20-CV-0516 (JLS), 2020 WL 3103795 (W.D.N.Y. June 11, 2020).   Brooks then filed a state habeas

petition, which a justice of the Livingston County Supreme Court (Moran, *J.*) denied on October 13, 2020. Brooks did not appeal that decision. Instead in January 2021, Brooks began this action in federal court, invoking 28 U.S.C. § 2241. The district court converted the petition to one brought under 28 U.S.C. § 2254 and dismissed for failure to exhaust.

The COA as granted is explicitly limited to the issue of whether Brooks's claim is cognizable in habeas and does not include the issue of his failure to exhaust remedies in New York state court. Brooks asks the Court to expand the COA to allow him to challenge the district court's conclusion that he failed to exhaust state remedies, which is an independent barrier to relief. To expand the COA, we would have to conclude that "jurists of reason would find it debatable whether the district court was correct in" holding that Brooks failed to adequately exhaust state court remedies before filing this case. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

The exhaustion requirement serves to ensure that state courts have "the opportunity fully to consider federal-law challenges to" state prisoners' incarceration. *Duncan v. Walker*, 533 U.S. 167, 178 (2001). "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). By its terms, 28 U.S.C. § 2254 requires that an individual in state custody seeking a federal writ of habeas corpus first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "While 28 U.S.C. [§] 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to

3

accommodate principles of federalism." *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976). Thus, even assuming Brooks's petition could proceed in habeas, his failure to appeal the state trial court's denial of his state habeas petition bars relief under either Section 2241 or Section 2254. We decline to expand the COA because reasonable jurists could not disagree with this conclusion. *See Slack*, 529 U.S. at 484.

Having declined to expand the COA, we must dismiss the appeal for lack of appellate jurisdiction. "Here, any disposition on the issue of" whether these claims are cognizable in habeas "would have no legal effect because the district court's unchallenged judgment on" exhaustion "precludes our granting [Brooks] relief, whatever our view on the [cognizability] issue." *Green v. Mazzucca*, 377 F.3d 182, 183 (2d Cir. 2004); *see also Rhagi v. Artuz*, 309 F.3d 103, 107 (2d Cir. 2002) ("Because the District Court denied a COA with respect to the question of procedural bar, and because a COA will not issue in this Court for the reasons stated above, the appeal is Dismissed for lack of appellate jurisdiction."). We recognize that this case implicates an important question over which the district courts would benefit from guidance. However, the Constitution only allows us to provide such guidance in the context of resolving an ongoing case or controversy. The district court's exhaustion holding means that, whatever we say about the cognizability of this claim in habeas, our decision would not have any practical effect on the outcome of this case. Therefore, we must dismiss.[1]

---

[1] On December 15, 2022, while this appeal was pending, Brooks was released from Groveland to the custody of the New York State Division of Parole. *See* Dkt. Nos. 139, 144. Based on this release, Respondents moved to dismiss this appeal as moot. Because we dismiss this appeal for lack of appellate jurisdiction, we further DENY Respondents' motion as moot.

We have considered Brooks's remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court