*United States v. Kolade*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand and twenty-five.

PRESENT:     Gerard E. Lynch,
                      Steven J. Menashi,
                      Eunice C. Lee,
                                *Circuit Judges.*

_____

UNITED STATES,

            *Plaintiff-Appellee,*

        v.                                                              No. 24-1056

EBENEZER  A.  KOLADE,  CHRISTINA  M. KOLADE,

            *Defendants-Appellants.*

_____

*For Plaintiff-Appellee*:                    David  A.  Hubbert,  Deputy  Assistant
                                                      Attorney  General,  Ellen  Page  DelSole,
                                                      Andrew  W.  Amend,  Attorneys,  Tax

Division, United States Department of Justice, Washington, DC; Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

*For Defendants-Appellants*:  Stuart B. Ratner, Stuart B. Ratner, P.C., Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Ebenezer and Christina Kolade filed their tax returns but failed to pay the assessed amount. After years of nonpayment, the United States filed this lawsuit seeking a judgment to require the Kolades to pay their full tax liability. The parties engaged in discovery, and the United States filed a motion for summary judgment. In response—and long after the close of discovery—the Kolades submitted amended tax returns for many of the years at issue as well as a short affidavit explaining purported errors in their initial returns. The Kolades argued that these amended returns presented a genuine dispute of material fact as to their tax liability. The district court granted summary judgment to the United States, holding that the amended returns and affidavit were untimely, improper, and insufficient to create a genuine dispute of material fact warranting a full trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Before this court, the Kolades argue that summary judgment was improper because (1) their amended returns and the affidavit show a genuine dispute about their tax liability, and (2) the district court should have considered whether excluding the affidavit as improper would impose a substantial hardship on them.

2

We need not address either of these arguments because the Kolades fail to challenge the district court's holding that this evidence was untimely. The district court held that the Kolades could not rely on their amended returns or the affidavit because these returns were not produced during discovery and the Kolades gave no explanation for that delay.

Under the Federal Rules of Civil Procedure, parties "must" disclose any "documents" that they "may use" to support their claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). Ordinarily, parties must also disclose the names of any experts and provide reports summarizing the expert's testimony and qualifications. *See id.* 26(a)(2)(A)-(B). If a party fails to make a timely disclosure, "the party is not allowed to use that information or witness to supply evidence on a motion … unless the failure was substantially justified or is harmless." *Id.* 37(c)(1). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (quoting *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)).

The Kolades do not challenge the district court's determination that the amended returns and affidavit were untimely and unexcused. That failure means that any ruling on their other claims "would have no legal effect because [of] the district court's unchallenged judgment." *Green v. Mazzuca*, 377 F.3d 182, 183 (2d Cir. 2004).

For that reason, we affirm the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court