**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2894
_____

BARKLEY GARDNER,
                              Appellant

v.

B.A. BLEDSOE, Warden;
USP LEWISBURG; UNITED
STATES BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-00717)
District Judge: Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

February 24, 2011

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(filed: March 2, 2011 )

_____

OPINION
_____

PER CURIAM

Barkley Gardner, a federal prisoner,[1] appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus attacking the sentencing court's restitution order.

In his § 2241 petition, Gardner alleges that by ordering him to pay $20,000 in restitution "immediately," the sentencing court (the United States District Court for the Eastern District of North Carolina) failed to consider Gardner's financial ability to pay full restitution all at once and failed to specify a payment schedule in violation of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664(f)(2). According to Gardner, the sentencing court impermissibly delegated to the BOP its judicial authority under the MVRA to decide the "manner in which, and the schedule according to which, the restitution is to be paid." § 3664(f)(2). The Magistrate Judge recommended that the petition be dismissed as successive under 28 U.S.C. § 2244(a) and as an abuse of the writ because Gardner raised the claim in a prior § 2241 petition, which was denied on its merits by the United States District Court for the Eastern District of North Carolina in 2008. See Gardner v. Williamson, Civ. A. No. 08-2050, 2008 WL 7542376 (E.D.N.C. May 13, 2008). The District Court overruled Gardner's objections, adopted the

[1] In 1997, Gardner was convicted in federal court in the Eastern District of North Carolina of multiple RICO and drug conspiracies, conspiracy to commit murder, murder in aid of racketeering ,and other related offenses. He was sentenced to life in prison and ordered to pay restitution in the amount of $20,000 "immediately" to the child of the decedent who was murdered. He is presently incarcerated at the United States Prison in Lewisburg ("USP-Lewisburg")

2

Magistrate Judge's Report, and dismissed the § 2241 petition. Gardner filed this timely appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Zayas v. I.N.S., 311 F.3d 247, 252 (3d Cir. 2002).

We agree with the District Court's dismissal of Gardner's § 2241 petition, but for jurisdictional reasons. This Court has held that claims alleging that the BOP exceeded its authority in setting a schedule for restitution payments through the Inmate Financial Responsibility Program ("IFRP") (Gardner's 2007 habeas claim) are properly brought under § 2241 because they challenge the execution of the sentence. See McGee v. Martinez, 627 F.3d 933, 936-37 (3d Cir. 2010). Gardner's current claim, however, challenges the sentencing court's restitution order, not the BOP's execution of it. Because the District Court lacked jurisdiction to entertain Gardner's claim under § 2241, we will affirm on that basis.[2]

Accordingly, we will affirm the judgment of the District Court. Gardner's motion to correct the Appellee's brief is granted.

---

[2] Some courts have held that claims attacking restitution orders are normally cognizable under 28 U.S.C. § 2255. See United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (collecting cases); see also Kaminski v. United States, 339 F.3d 84, 87-89 (2d Cir. 2003) (challenges to noncustodial punishments are not cognizable in a § 2255 petition even when joined with challenges to custody). But see Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (restitution order attacks the validity of the sentence and may be challenged pursuant to § 2255); Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001) (allowing a § 2255 claim challenging restitution if there is a meritorious claim of ineffective assistance of counsel). We express no opinion as to whether Gardner may challenge his restitution order through 28 U.S.C. § 2255 or via some other procedural mechanism in the sentencing court in North Carolina.