GLD-067                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2172
_____

BARKLEY GARDNER,
                              Appellant

v.

WARDEN TROY WILLIAMSON;
U.S. BUREAU OF PRISONS

(3-07-cv-01788)

BARKLEY GARDNER,
                              Appellant

v.

WARDEN B.A. BLEDSOE; U.S.P. LEWISBURG;
UNITED STATES OF AMERICA BUREAU OF PRISONS ("BOP")

(3-10-cv-00717)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Nos. 3-07-cv-01788 and 3-10-cv-00717)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

1

_____

OPINION

_____

PER CURIAM

In 2007, in the U.S. District Court for the Middle District of Pennsylvania, Barkley Gardner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") exceeded its authority in setting his restitution schedule through the Inmate Financial Responsibility Program. The District Court transferred the § 2241 petition, docketed at M.D. Pa. 07-cv-01788, on convenience grounds to the U.S. District Court for the Eastern District of North Carolina, where Gardner had been sentenced. The North Carolina District Court denied the § 2241 petition. In its opinion, the North Carolina District Court explicitly noted that it was treating the petition as a § 2241 petition although the petition had been initially docketed on transfer as a motion pursuant to 28 U.S.C. § 2255. Gardner v. Williamson, slip op. 1 n.1 (E.D. N.C. May 13, 2008, Civ. No. 08-cv-02050-H). The Court of Appeals for the Fourth Circuit affirmed the decision.

In 2010, Gardner filed another § 2241 petition in the District Court for the Middle District of Pennsylvania. He attacked the sentencing court's restitution order. The District Court dismissed the petition as successive under 28 U.S.C. § 2244(a) and as an abuse of the writ, concluding that Gardner had raised the claim in the earlier § 2241 petition that had been denied on its merits by the North Carolina District Court. We

2

affirmed the District Court's order on an alternative basis, explaining that the District Court lacked jurisdiction to consider the claim under § 2241 because it challenged the sentencing court's restitution order, not the BOP's execution of it. Gardner v. Bledsoe, 415 F. App'x 384, 386 (3d Cir. 2011) (citing McGee v. Martinez, 627 F.3d 933, 936-37 (3d Cir. 2010)).

In March 2011, in both cases in the Middle District of Pennsylvania,[1] Gardner filed a "motion for relief from judgment pursuant to Fed. Rules Civ. Proc., Rule 60(b)(4), (5), and (6)." Essentially, he argued that the District Court erred in recharacterizing the § 2241 petition he filed in 2007 as a § 2255 motion when it transferred it to the North Carolina District Court. He asked that his § 2241 motion be reinstated and ruled on by the District Court in the Middle District of Pennsylvania. In a single memorandum and order, the District Court denied his cross-filed motion, noting that it had not recharacterized the petition (and also noting that it had authorization to transfer the § 2241 petition to the District Court for the Eastern District of North Carolina). Gardner filed a notice of appeal and seeks to appeal *in forma pauperis*.

As a preliminary matter, we grant Gardner's motion to proceed *in forma pauperis*. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291. We review the order denying his Rule 60(b) motion for abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). Upon review, we will summarily affirm the District

---

[1] Although he listed the docket number for the case in the Eastern District of North Carolina on the motion, he did not file his motion in that case.

Court's judgment because no substantial issue is presented on appeal. See 3d Cir. Local Rule 27.4; 3d Cir. I.O.P. 10.6.

Contrary to Gardner's assertions, the District Court did not recharacterize Gardner's § 2241 petition. The District Court treated it and transferred it as a § 2241 motion. It appears that at some point, the Clerk for the U.S. District Court for the Eastern District of North Carolina may have described or docketed Gardner's petition on transfer as a § 2255 motion. However, the North Carolina District Court also treated the petition as a § 2241 motion. In short, Gardner did not present any basis for reopening his cases in the Middle District of Pennsylvania, and the District Court did not abuse its discretion in declining to reopen the actions.

For these reasons, we will affirm the District Court's ruling.[2]

---

[2] As we noted above, Gardner's motion to proceed *in forma pauperis* on appeal is granted.